JOHN B. TOZIER & another *vs.* RENNEY CRAFTS.

Hampden.    Sept. 26, 1877. — Jan. 8, 1878.    ENDICOTT & LORD, JJ.,
absent.

In an action for liquors sold and delivered, to which the defence was that the goods
were sold to a third person, there was evidence that the defendant told the plain-
tiff's agent that he had bought a billiard-saloon, and was going to put the third
person in to run the place; that the latter would want some liquors and he wished
some might be sent, and ordered the liquors; that the third person in fact ran the
place and appeared to do all the business there; there was also evidence, admitted
under the defendant's exception, that afterwards the third person told the agent
that the defendant had given him authority to buy stock for the saloon, and asked
the agent to write at once to the plaintiff to hurry up the liquors previously
ordered; that the agent thereupon wrote a letter containing a copy of the order
which he had previously received from the defendant, in which the defendant's
name appeared as the person ordering the goods, and the letter was produced and
admitted in evidence, although it had not been read by the third person.  *Held*,
that there was sufficient evidence that the third person was the agent of the de-
fendant, and that the letter was admissible in evidence.

In an action against A. for goods sold and delivered, to which the defence was pay-
ment by the negotiable promissory note of B. and C., it appeared that the plaintiff
took the partnership note of B. and C. in payment.  *Held*, that the declarations of
one of the partners, to the effect that A. was a member of the firm, were admissible
in evidence to show that the plaintiff took the note under a misapprehension, and
that, if this were so, the action could be maintained.

CONTRACT for goods sold and delivered. Answer: 1. A gen-
eral denial; 2. That the goods were sold to Howard Crafts and
Judson Crafts, doing business under the firm name of Crafts
Brothers; and that they paid for the same by their notes.

Trial in the Superior Court, before *Rockwell*, J., who allowed
a bill of exceptions in substance as follows:

W. D. Vietts testified, for the plaintiffs, that he was their
agent in selling liquors; that a few days before October 10,
1873, he saw the defendant at Holyoke, and the defendant told
him that he had bought out a billiard-room, and was going to
put his brothers in to run the place; that they would want some
liquors, and he wished some might be sent; that he then ordered
certain liquors, being the goods in question, and directed them to
be sent to him; that the brothers did in fact run the place, and
appeared to do all the business of the saloon; that on October
10, 1873, he saw one of the defendant's brothers at Hartford,
who told him that the defendant had given his brothers author-

ity to act as his agents in purchasing stock in the business, and asked him to hurry up the goods ordered previously by the defendant; that the brother also said he wished the witness would write to his principals in New York at once, for the goods; that the witness wrote at the brother's request. The letter was produced, and it contained an order for liquors, (which the witness testified were the same ordered by the defendant,) and named the defendant as the person to whom the liquors were to be sent. There was no evidence that the defendant or either of his brothers read the letter, or heard it read before it was sent, nor was there any evidence to show that the defendant or either of his brothers saw the letter after it was written, except that it was in the presence of the brother requesting it.

The defendant objected to the admission of the letter, and of the conversation with the defendant's brother, but the letter and the testimony in regard to the conversation were admitted.

Vietts also testified that on November 29, 1873, he visited the saloon in Holyoke, and saw the defendant's brothers, and asked for a settlement of the bill; that one of the brothers wrote a promissory note, for part of the amount due, payable in ten days, signed it " Crafts Brothers," and handed it to the witness. For the purpose of showing fraud in the giving of the note, and to show that this note and another subsequently given did not constitute payment of the bill, Vietts was asked to state what was said when the first note was given, and, against the defendant's objection, was allowed to state that, on receiving the note, he asked why it was signed in that way, and was told by one of the brothers that the defendant was one of the firm of Crafts Brothers. Vietts also testified that attempts had been made to collect the note; that it had been put in a bank for collection and had been protested; and that on December 26, 1873, another note, signed " Crafts Brothers," was given for the amount of the first note and the balance of the bill, payable on demand. The defendant gave the plaintiffs notice to produce the notes at the trial, and they were produced and put into the case without objection. There was no evidence that either note had been returned to Crafts Brothers or to the defendant.

It appeared that the defendant lived a mile and a half from the saloon, and did not personally attend to it; and it was con-

ceded that he was not in fact a member of the firm of Crafts Brothers. The defendant also put in evidence tending to show that he never ordered the goods, never directed that they should be charged to him, never had them, and did not agree to pay for them; and that one of his brothers was the owner of the stock in trade at the saloon. He also denied giving authority to his brothers to purchase goods on his credit.

The jury returned a verdict for the plaintiffs for the full amount of their bill; and the defendant alleged exceptions.

*E. W. Chapin*, for the defendant.

*G. M. Stearns*, for the plaintiffs.

AMES, J. The objections taken by the defendant to the admission of the letter to the plaintiffs from their agent, Vietts, do not appear to us to be well founded. The letter was not used as a substitute for an original order, or as a copy of an original entry or memorandum. It was not secondary evidence in any proper sense of that term. It was not offered for the purpose of proving that a contract had been made between these parties at some previous time, and entered in the order-book, but as independent evidence that the defendant, by the terms of the letter, ordered certain liquors to be furnished to him by the plaintiffs, which, in pursuance of that order, they did afterwards furnish. That is to say, it was offered as an original communication from him, or with his sanction and authority. If so, the fact that the substance of the same order had previously been entered in a book was entirely immaterial.

The question then arises, was it his letter; or, in other words, was there any evidence in the case which would justify the jury in finding that it was written on his behalf, and with his authority and consent. There was evidence that the defendant made a declaration to Vietts to the effect that he, the defendant, had "bought out" a billiard-room and "was going to put his brothers in;" that they were to "run the place;" that they would want some liquors, and that he wished some might be sent. His brothers afterwards occupied the place, and appeared to do all the business of the saloon. The jury might have found upon this evidence that the two brothers were his agents, and that, when he said that he intended to put them in the saloon which he had bought and to have them "run the place," he

meant to be understood that it was his saloon, under their management and superintendence. There was oral evidence tending to show that these liquors had been bespoken by the defendant for the supply of that place. If the jury were satisfied that these brothers were agents of the defendant to procure such supplies, then the act of one of them, requesting Vietts to write to the plaintiffs at once for the liquors, was an act within the scope of his agency. The witness having testified that in compliance with the request he wrote the letter, and that the order contained in the letter was in accordance with the order previously given by the defendant in person, it was immaterial whether the brother of the defendant read the letter and knew its contents or not. Upon proof of the agency, the letter and the conversation which Vietts had with the defendant's brother at Hartford were admissible. It does not appear from the bill of exceptions what the instructions of the presiding judge upon this point were, but the excepting party fails to point out any particular in which they were erroneous, upon the general question of agency.

The evidence as to the conversation and declarations of the defendant's brother, to the effect that the defendant was a member of the firm of Crafts Brothers, was offered, not to prove that he was in fact a member of that firm, but merely to show he was so represented to the plaintiff. This evidence was admissible to account for their acceptance of the notes, and to rebut the presumption that they were to be considered as a payment of the account. It was competent evidence to show that the plaintiffs acted under the influence of a misrepresentation, and did not intend, by accepting the notes, to release the defendant and substitute other persons in his place. If such were the case, the production and surrender of the notes at the trial would entitle the plaintiffs to claim upon the original account for goods sold and delivered, as if no such notes had been given. *French* v. *Price*, 24 Pick. 13.   *Melledge* v. *Boston Iron Co.* 5 Cush. 158. *Tucker* v. *Drake*, 11 Allen, 145.   *Shaw* v. *Methodist Episcopal Society in Lowell*, 8 Met. 223.                *Exceptions overruled.*