BRADLEE *v.* WARREN SAVINGS BANK. 107

FREDERICK BRADLEE *vs.* WARREN FIVE CENTS SAVINGS
BANK.
SEWALL TAPPAN & another, trustees, *vs.* SAME.

Suffolk. March 4, 5. — June 28, 1879. MORTON & ENDICOTT, JJ., absent.

The treasurer of a savings bank has no authority to bind it by indorsing the name
of the corporation on a promissory note; and a vote of the corporation to sell
notes held by it does not confer such authority.

A provision in the by-laws of a savings bank, that the treasurer "shall draw
all necessary papers and discharge all obligations of the corporation, and his
signature shall be binding upon the corporation," means the signature of the
treasurer to necessary papers and in discharge of obligations to the corporation,
and does not authorize him to bind the corporation by indorsing its name on a
promissory note.

If the purchaser of a promissory note, purporting to be indorsed by a savings bank,
sues the bank as indorser on the note, he thereby affirms the contract of pur-
chase, and cannot in the same action recover, under a count for money had and
received, the purchase money, on the ground that, at the time of purchase, the
note was falsely represented to be indorsed by the defendant.

THE FIRST CASE was an action of contract against the de
fendant as indorser, to recover the interest which became due
on June 1, and December 1, 1876, on three notes of the Eastern
Railroad Company of $1000 each, payable to the defendant
and purporting to be indorsed in the name of the corporation by
A. H. Merrill, its treasurer.

At the trial in the Superior Court before *Bacon*, J., without
a jury, the plaintiff put the notes in evidence, and proved a
demand upon the maker for the interest falling due on June 1,
and notice to the defendant of the refusal to pay. It was ad-
mitted that Merrill was the treasurer of the defendant corpora-
tion, and that he indorsed the notes as above set forth. The
by-law of the corporation relating to the treasurer was as
follows:

"The treasurer shall have charge of all books of accounts,
moneys, papers, bonds, mortgages, and other writings of security,
and property belonging to the bank, and shall be responsible
for their safe keeping. He shall draw all necessary papers, and
discharge all obligations of the corporation, and his signature
shall be binding upon the corporation."

On October 1, 1873, the defendant corporation voted to sell
Eastern Railroad notes to the amount of five thousand dollars

and on December 1, 1873, voted to sell the entire amount oī such notes then held by it. These notes were purchased by the defendant in 1872, and went into the possession of Merrill as treasurer and custodian of the property of the bank. The defendant employed a firm of auctioneers to sell the notes, and they were bought by one Robbins, who sold them to the plaintiff.

THE SECOND CASE was for interest due on two other notes of the Eastern Railroad Company, indorsed as in the first case. The declaration contained a third count for money had and received.

The evidence was the same as in the first case. One of the plaintiffs also testified, on the count for money had and received, that, after he knew that the notes were indorsed, he said, in the presence of the person to whom the bank had entrusted them for sale, that he would take them, and that he would not have taken them if they had not been indorsed. There was also evidence that the notes were indorsed before the plaintiff bought them, and that he paid for them the regular market price.

It was agreed that the notes were to be considered as if in the possession of the clerk, to be delivered to the defendant if judgment was rendered for the plaintiff on the third count.

The judge ruled that the defendant had no power to make itself liable as an indorser of the notes in question, and an indorsement, if made, would be *ultra vires* and void ; that if the defendant had such power, the authority given by the directors to the treasurer to sell and the by-laws of the defendant conferred upon the treasurer no authority to make the defendant liable by an indorsement ; and that the plaintiffs in the second case could not recover on the count for money had and received, because they must be supposed to have known when they purchased the notes that the defendant had no power to make itself liable as an indorser ; and that, if the plaintiffs could otherwise recover on this count, they had, upon the foregoing facts, entitled themselves to surrender the notes and recover thereon.

The judge found for the defendant in each action, and ordered judgment accordingly ; and the plaintiffs alleged exceptions.

*C. A. Welch*, for the plaintiffs.

*H. W. Paine & T. M. Stimpson*, for the defendant.

Soule, J. The vote of the board of investment of the defendant corporation to sell the notes of the Eastern Railroad Company did not authorize the treasurer so to indorse them as to impose the liability of indorser on the defendant. Such indorsement was not necessary in order to enable the corporation to divest itself of property in the notes. They could have been indorsed without recourse, a well-known method of indorsing paper so as to avoid all liability on it. The treasurer went far beyond the authority given by the vote in assuming to make the defendant undertake that the notes should be paid at maturity, and, failing that, should be paid by the defendant if duly notified of their dishonor. The power conferred by the vote is unlike that given by the comprehensive power of attorney in *Bronson* v. *Coffin*, 118 Mass. 156.

Authority to indorse is not to be inferred from the nature of the treasurer's office. The chief business of a savings bank is to receive deposits, invest them in certain classes of securities, specified in the statutes of the Commonwealth, and to pay to depositors the amount due them, either in whole or in part, as they from time to time demand. It has no authority to do a general banking business, not even to engage in the business of discounting bank paper. It is no part of the business for which it is established, to give a market value to, or obtain a market for, the negotiable paper of persons or other corporations, by guaranteeing or indorsing it. Its duty is to keep safely invested the moneys deposited with it, not to hazard those moneys by assuming responsibility for the performance of the contracts of others. It has been held that the treasurer of a savings bank has not authority, by virtue of his office, and without vote of the officers of the bank, to execute a release in the name of the bank. *De Tham Institution for Savings* v. *Slack*, 6 Cush. 408. Such authority is much nearer the powers inherent in the office than the authority to put the bank into the position of indorser of the notes of third parties. The provision in the by-laws that his signature shall be binding on the bank means his signature to necessary papers, and in discharge of obligations to the bank. This view of the law on this branch of the case renders it unnecessary to decide whether it is *ultra vires* for a savings bank to become indorser of the negotiable paper of others, and we express no opinion on that point.

In the second case, the declaration contains a count for the interest due on each of the notes held by the plaintiffs, and a count for money had and received, in which they seek to recover the purchase money paid by them for the notes, on the ground that when they bought them they were falsely represented to be indorsed by the defendant. It is agreed that the notes are to be regarded as in the hands of the clerk, to be surrendered to the defendant if judgment is given for the plaintiffs on the third count. It was correctly ruled at the trial that the plaintiffs had done everything necessary to entitle them to surrender the notes and recover the price paid for them, if they were otherwise entitled to recover on this count. It is the settled law, that, if one would recover what he has paid under a contract on the ground that he was led into the contract by misrepresentation, he must return the consideration received by him, if it is of any value at all. *Coolidge* v. *Brigham*, 1 Met. 547. *Estabrook* v. *Swett*, 116 Mass. 303. Ordinarily the consideration must be returned before suit is brought. Under some circumstances, when suit is brought on an original account for goods sold, for which notes have been taken in payment under a misapprehension as to who constituted the firm who made the notes, a surrender of the notes at the trial is seasonable. *Tozier* v. *Crafts*, 123 Mass. 480. But it cannot be permitted that, in an action where the plaintiff sues the defendant as indorser on notes which he has bought, and thereby affirms the contract of purchase, he should, while insisting on that right of action, provisionally surrender the notes for the purpose of maintaining his action on the inconsistent ground that the contract of purchase is not binding on him. By suing on the notes he elects to stand by the contract which he made. He cannot stand at the same time, and in the same action, in the attitude of repudiating the contract.