## CHARLES G. WILDERMUTH v. WILLIAM COLE.

*Intoxicating liquors—Sale of on execution—Officer need not pay tax or file bond required by liquor law.*

A sheriff, in making a sale of intoxicating liquors under an execution, is not "engaged in the business of selling intoxicating liquors" within either the letter or the spirit of the liquor law of this State.

Error to Shiawassee. (Newton, J.) Argued October 10, 1889. Decided November 8, 1889.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Watson & Chapman,* for appellant, contended:

1. In support of the claim that the sheriff had no right to make a sale of intoxicating liquors by virtue of a judicial writ, counsel cited *Barron v. Arnold,* 11 Atl. Rep. 298 (R. I.); *Ingalls v. Baker,* 13 Allen, 449; *Nichols v. Valentine,* 36 Me. 322; *Bagg v. Jerome,* 7 Mich. 145; *People v. Kropp,* 52 Id. 582.

*Edmund Haug,* for defendant, contended:

1. The sheriff was not engaged in the business of selling intoxicating liquors; citing *Overall v. Bezeau,* 37 Mich. 506.
2. The cases in which it has been decided that an officer cannot levy upon and sell intoxicating liquors arose in states where prohibitory laws were in force, or under statutes entirely different from those of Michigan.

LONG, J. The plaintiff, on November 15, 1888, was engaged in business as a retailer of intoxicating liquors at Owosso, Shiawassee county, this State. The defendant, as sheriff of that county, had placed in his hands on that day a writ of attachment, issued out of the circuit court of that county, against the goods, chattels, and property of the plaintiff; and by virtue of which he levied upon the stock of liquors of the plaintiff, and subsequently sold them, to satisfy the execution issued upon the judgment rendered in the attachment suit.

It is admitted that the liquors are of the value of $536. It is also admitted that the attachment was regular in form; and the proceedings in attachment are in no manner questioned. The plaintiff filed a petition for a dissolution of the writ, and failed in that proceeding. The cause in attachment proceeded to trial upon the merits, and the plaintiff in the writ obtained a judgment against the plaintiff in this suit for the sum of $334.39 damages, and costs taxed at $64.50.

This action is brought in trespass (on the case) against defendant, Cole, the officer executing the writ, for the value of the intoxicating liquors taken under the writ. The cause was tried before a jury, and the court directed

a verdict for the defendant. Judgment being entered on the verdict in favor of defendant, the plaintiff brings the case here by writ of error.

The contention of counsel for the plaintiff is that the sheriff could not legally levy upon and sell intoxicating liquors under attachment and execution. It is not claimed that the liquors levied upon were exempt under any statute of this State, but that, inasmuch as the sheriff had not paid the tax and filed the bond required by the liquor law from all persons selling intoxicating liquors, the levy and sale is void.

Section 1 of the Liquor Law of 1887 requires all persons engaged in the business of manufacturing, selling, or keeping for sale intoxicating liquors to pay the tax on the business. Section 8 provides that all such persons shall give a bond before commencing such business, etc.

The sheriff, in making sales of these liquors under his execution, was not, within either the letter or spirit of this statute, engaged in the business of selling intoxicating liquors. Under the conceded facts, the plaintiff was legally liable for the amount named in the execution; and there is no more reason why his property should not be sold to satisfy it than the property of another, which consists of horses or other chattels. The learned circuit judge was correct in directing the verdict for the defendant.

The judgment must be affirmed, with costs.

The other Justices concurred.