DANIEL T. HAGERTY *vs.* EDGAR F. TUXBURY.

Essex. November 6, 1901. — April 1, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Intoxicating Liquors.*

One owning an interest in a liquor saloon and its stock in trade, but having no license to sell intoxicating liquors, lawfully may sell to his partner his interest in the saloon and the intoxicating liquors it contains.

CONTRACT on a promissory note for $100 dated March 28, 1899, and payable six months from date. Writ in the First District Court of Salem, dated March 29, 1900.

On appeal to the Superior Court the case was tried before *Bell,* J., who refused the defendant's requests for rulings and gave the instructions stated by the court. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs at the sitting of the court in November, 1901, and afterwards was submitted on briefs to all the justices.

*A. W. Reddy, Jr. & J. J. Reddy,* for the defendant.

*W. D. Chapple,* for the plaintiff.

LORING, J. This was an action on a promissory note indorsed by the defendant for the accommodation of his brother, Frank Tuxbury, who bought from the plaintiff "his interest" in a liquor saloon and gave this note with others in payment for it. We are of opinion that on the evidence the plaintiff and Frank Tuxbury are to be taken to have been partners, as they were assumed by the presiding judge to have been.

The defendant asked for the following ruling: "If the whole or part of the consideration of the note was for intoxicating liquors sold by the plaintiff to maker of the note and the plaintiff had no license to sell such intoxicating liquors, then the sale was illegal, consequently the consideration of the note was illegal and the defendant is not liable."

The court instructed the jury as follows: "For this purpose I instruct you that if two men are interested in a saloon, one may

sell out to the other without violating the liquor laws of this Commonwealth and therefore, if that is the fact, that it is not a legal defence to the note . . . I will add that element, . . . two parties being interested in the business, but the license being in the name of one of them only. . . . The one selling not having the license."

We are of opinion that the ruling given was correct. On that point *Commonwealth* v. *Pomphret*, 137 Mass. 564, is decisive. In our opinion that case went one step beyond *Commonwealth* v. *Smith*, 102 Mass. 144; in the earlier case there was nothing more than a partition of liquor owned in common; but we do not think that the later case was intended to be confined to the case of a club, where each member on paying for a drink was merely appropriating to himself his share of liquor owned in common but in unascertained proportions, in pursuance of a previous arrangement between the members, but was intended to apply to all sales by a club to its members of liquor owned in common by the club. And this view of the opinion is confirmed by St. 1881, c. 226, Pub. Sts. c. 100, § 45, providing that in towns in which the inhabitants vote that licenses shall not be granted, " all buildings, places or tenements therein, used by clubs for the purpose of selling, distributing or dispensing to their members or others, intoxicating liquors, shall be deemed common nuisances."

*Exceptions overruled.*