## JAMES B. FULLER *vs.* WILLIAM R. HUNT & others.

Essex. November 5, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Contract*, Validity. *Intoxicating Liquors.*

If a wholesale liquor dealer sells intoxicating liquors to a person who has no license, knowing that the purchaser intends to sell them illegally but wholly indifferent as to whether he does so or not, and the purchaser knowing that the dealer's only motive is to sell his merchandise in the usual course of business, the dealer may recover the price of the liquors from the purchaser.

CONTRACT upon an account annexed for the price of intoxicating liquors sold to William R. Hunt, James R. Aylward and Robert Blaisdell, doing business under the name of W. R. Hunt and Company, between June 1, 1895, and May 1, 1896. Writ dated July 22, 1898.

The answer of the defendant Blaisdell, besides a general denial, set up that the plaintiff sold and delivered the liquors to him knowing and having reasonable cause to believe that he intended to make an illegal sale of them and with a view to that end and to enable him to do so, that the liquors were in fact sold by him contrary to law, and that the sale by the plaintiff to the defendant Blaisdell was void. The other defendants filed no answers.

At the trial in the Superior Court before *Pierce*, J., the following facts appeared: The plaintiff was a wholesale dealer in intoxicating liquors in the city of Boston, under a license granted to him by that city. In May, 1895, the city of Lynn granted a license to the defendants Hunt and Aylward. It appeared from the evidence that some time before the application for this license the defendant Blaisdell called upon Hunt and persuaded him to apply for a license, representing that if Hunt did not obtain a license Blaisdell's business would go to pieces, and that he, Blaisdell, would provide money to pay the license fee. It appeared that Hunt and Aylward did apply for the license and that one Thomas F. Daly, a stepson of Blaisdell, produced $1,500 to pay the license fee. The license was granted to Hunt and Aylward doing business as W. R. Hunt and Company, and immediately thereafter a partnership was formed with Blaisdell, and a place of business was opened at the corner of Blake and Mulberry Streets in Lynn.

It was stipulated by counsel at the trial, that the goods sued for were sold by the plaintiff and were received by W. R. Hunt and Company at their place of business in Lynn, and that there was no controversy as to the prices charged.

The defendant Aylward was not in court, nor was he represented by counsel. The defendant Hunt was in court, being called as a witness by the plaintiff, but was not represented by counsel. The defendant Blaisdell was represented by counsel, and upon the completion of the plaintiff's testimony asked the judge to order a verdict for the defendants.

The judge, stating that he already had offered to default the other two defendants, ruled that the plaintiff was not entitled to recover against any of the defendants, and ordered a verdict for all of the defendants. The plaintiff alleged exceptions.

*S. L. Powers, E. K. Hall & B. B. Jones*, for the plaintiff.

*J. H. Sisk, R. L. Sisk & W. E. Sisk*, for the defendant Blaisdell.

HAMMOND, J. In the view which we take of this case it is unnecessary to inquire whether there was any legal way in which the merchandise sold by the plaintiff to the defendants could have been legally sold by Blaisdell so far as respected his interest therein to his licensed copartners and by the latter to their customers. See *Hagerty* v. *Tuxbury*, 181 Mass. 126. The case should have been submitted to the jury even if all the sales by the defendants or either of them were illegal.

If the plaintiff sold the merchandise to the defendants with the knowledge that they intended to resell the same contrary to law, and with a view to such resale, then he cannot recover. *Graves* v. *Johnson*, 156 Mass. 211, and cases therein cited.

If, however, he sold it to them knowing that they intended to sell it illegally, but was wholly indifferent as to whether they did so or not, the fact being, as the defendants well knew, that he had no care, concern or desire as to such resale and that his only motive in selling to the defendants was to sell in the usual course of business, then the plaintiff may recover. *Graves* v. *Johnson*, 179 Mass. 53, and cases therein cited.

Upon the evidence we cannot say that it would not warrant a finding that the latter proposition correctly described the transaction. The case therefore should have been submitted to the jury.

*Exceptions sustained.*