FREDERICK W. WHIDDON *vs.* STARBUCK SPRAGUE.

Suffolk. November 11, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Bills and Notes,* Proof of indorsement. *Practice, Civil,* Answer. *Evidence,* Proof of signature.

Where, at the trial of an action by the holder of a negotiable promissory note, indorsed by the payee in blank, against the maker, the defendant relies upon an answer containing only a general denial, the plaintiff may introduce in evidence the note with the indorsement without further proof of the indorsement.

CONTRACT, by the indorsee of a negotiable promissory note against the maker. Writ in the Municipal Court of the City of Boston dated September 25, 1908.

The case was tried before *DeCourcy,* J. The defendant relied solely upon a general denial. The plaintiff produced the note and offered it in evidence. The defendant stated that he was willing that the face of the note should be put in evidence, but not the indorsement. The presiding judge, subject to an exception by the defendant, ruled that, the defendant having failed to deny the genuineness of the signature in accordance with the

provisions of R. L. c. 173, § 86, the plaintiff was not called upon to prove the genuineness of the indorsement, and that the plaintiff was entitled to introduce the note in evidence. There was no other evidence. The jury found for the plaintiff; and the defendant alleged exceptions.

*E. W. Crawford & C. H. Sprague,* for the defendant, submitted a brief.

*C. F. Eldredge,* for the plaintiff.

RUGG, J. This is an action on a promissory note payable to the order of The Raymond Syndicate, a corporation, indorsed in blank "The Raymond Syndicate, Geo. J. Raymond, Gen'l Manager." The declaration was on the note as indorsed to the plaintiff and the answer was a general denial. The only point raised is whether in this state of the pleadings the plaintiff was required to prove the genuineness of the indorsement. It was said in *Lowell* v. *Bickford,* 201 Mass. 543, 545, with ample citation of authorities, that "It is the settled law of this Commonwealth that a holder of a negotiable promissory note payable to bearer or payable to order and indorsed in blank can sue on it in his own name. . . . It is not necessary for him to prove that he owns the note or if not that he has the consent of the true owner to bring suit on it in his own name." That case fully covers the present one, as the genuineness of the signature of the payee in the indorsement was not denied. R. L. c. 173, § 86. It was called to the attention of the parties in the trial court.

*Bradlee* v. *Warren Five Cents Savings Bank,* 127 Mass. 107, relied upon by the defendant, rests upon the law respecting savings banks, and has no bearing here.

These exceptions appear frivolous and are overruled, and double costs and interest at the rate of twelve per cent from the time when the exceptions were allowed are awarded against the defendant.

*So ordered.*