[No. 13069. Department One. February 9, 1916.]

## H. L. KETLER, *Respondent*, v. M. E. MURREY et al., *Appellants*.[1]

INTOXICATING LIQUORS — SALES — LICENSE — SALES IN QUANTITY. Rem. & Bal. Code, §§ 2962, 6268, making it unlawful to sell intoxicating liquors without first obtaining a license, have no application to sales in quantity together with a hotel and saloon where the seller was closing out his business as a dealer in intoxicating liquors.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 11, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action of replevin. Affirmed.

*J. W. A. Nichols*, for appellants.

*J. W. Selden* and *Gordon & Easterday*, for respondent.

CHADWICK, J.—Respondent purchased a hotel, restaurant, and saloon from the defendants. They refused to make delivery upon the ground that the stock of goods consisted, in part, of two kegs of beer, a barrel of whiskey containing some seven or eight gallons, and several bottles of liquors and wines. Appellants rely upon the statute, Rem. & Bal. Code, §§ 2962, 6268:

"Any person who shall sell or dispose of any spirituous, malt, or other intoxicating liquors without having first obtained a license from the proper authorities shall be deemed guilty of a misdemeanor, and upon conviction thereof shall

[1]Reported in 154 Pac. 1084.

be fined in any sum not exceeding one thousand dollars, or imprisoned in the county jail not to exceed six months, or by both fine and imprisonment, for each offense."

"Nothing in this act shall be held or construed to allow any person, firm, or corporation to barter, sell, or otherwise dispose of any spirituous, malt, fermented, or other intoxicating liquors without having first obtained a license therefor, as required by the provisions of this chapter, except as provided in section 6275, infra."

The court below held that a license to sell in quantity was not necessary where the seller was closing out his business as a dealer in intoxicating liquor. The holding was correct. Statutes such as our own are directed to the regulation of traffic in intoxicating liquor and not to the transfer of property in it. Black, Intoxicating Liquors, p. 139.

In *Wildermuth v. Cole*, 77 Mich. 483, 43 N. W. 889, under a statute as broad as our own, the supreme court of Michigan held that a sheriff holding intoxicating liquors under a writ of attachment did not need a license to sell on execution sale; that his act did not fall within either the letter or the spirit of the statute, which was directed only to those engaged in the business of selling intoxicating liquors. We note this case because appellants contend that all the cases cited by respondent are to be distinguished as covering sales made by public officers in the performance of their duty. If appellants' reasoning be good, it would not be possible so to distinguish the cases, for the statute uses the words "any person," and a sheriff or other officer would fall within the letter of the law. If it were admitted that the sale by a sheriff could be so distinguished, it would not follow that a sale by an assignee of a debtor or an administrator was a sale under the compulsory process of a court, and yet it is held that a sale by either of these agents does not fall within the meaning and intent of the law.

In *Williams v. Troop*, 17 Wis. 478, the court said:

"He [an administrator] is a person whose plain legal duty is to sell property, collect and pay the debts and settle up the

estate committed to his charge. In performing this duty and disposing of the spirituous liquors belonging to the estate, it is no more necessary for him to obtain a license, than it would be for a sheriff to obtain one before he could sell liquors taken upon an execution." ,

And the like rule was applied to an assignee in *Gignoux v. Bilbruck*, 63 N. H. 22. In *Forwood v. State*, 49 Md. 531, in discussing the law of the case, it is said if the vendor "had disposed of them [stock of liquors] at a private sale, by wholesale and at one time in good faith, solely for the purpose of closing his business, and not in the continued prosecution of his business, this would not have been in our judgment any infraction of the license laws."

In *Hagerty v. Tuxbury*, 181 Mass. 126, 63 N. E. 333, the holding is epitomized in the syllabus:

"One owning an interest in a liquor saloon and its stock in trade, but having no license to sell intoxicating liquors, lawfully may sell to his partner his interest in the saloon and the intoxicating liquors it contains."

We find the judgment of the lower court well founded in reason and sustained by ample authority.

Affirmed.

MORRIS, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.