ALFRED A. WHITMAN *vs.* THOMAS J. FOURNIER & trustees.

Suffolk. March 13. — June 17, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Lottery. Voting Contest. Bills and Notes, Validity, Holder in due course. Practice, Civil, Requests and instructions. Words, "Lottery."*

A "voting contest," so called, conducted by a merchant, whereby to purchasers of merchandise at his store he gave blank votes which they could use for themselves or deliver to others, and to the persons whose names received the highest number of votes he gave prizes, all persons concerned knowing in advance that the contestants having the most votes at the end of the contest would be entitled to the prizes and the only way to procure the votes being by purchasing goods of the defendant or by procuring them from other contestants, is not a "lottery" nor within the prohibitions of R. L. c. 214, § 7.

A promissory note, payable in instalments and given for merchandise to be used in carrying on a voting contest as above described and to one who promoted the contest for the merchant, is not invalid.

In an action against the merchant by or in behalf of an indorsee of the promissory note above described, it appeared that the note was indorsed and delivered for value before maturity to one who, under an agreement with the payee, already had advanced money to him on account of other such notes, but it did not appear that the indorsee knew anything of the prize contest; and it was *held*, that the indorsee, being a holder in due course, could recover on the note even if the voting contest were tainted with illegality.

A request for an instruction to a jury, which is framed in an argumentative form and emphasizes facts selected by the party making the request in his interest, need not be granted.

CONTRACT for instalments alleged to be due upon a promissory note of the defendant to Thomas Howard Company, described in the opinion, alleged to have been indorsed to Knauth, Nachod and Kuhne, bankers, for value and before maturity, and by them indorsed to the plaintiff for the purposes of this action. Writ in the Municipal Court of the City of Boston dated January 24, 1914.

Upon removal to the Superior Court, the action was tried before *Fox*, J. The general features of the "voting contest" referred to in the opinion were that purchasers of goods at the defendant's store were given blank votes under certain rules and conditions, which they could use for themselves or transfer to others, and

which were cast to be counted by judges appointed by the defend-
ant. The person whose name received the highest number of
votes was entitled to receive a piano and others received other
prizes. The merchandise used as prizes was purchased with the
note which is the subject of this action.

The testimony referred to in the opinion as in the deposition
of Knauth, a member of the firm of bankers to whom the note was
indorsed by the payee, was as follows: "The original note was
indorsed and delivered by Thomas Howard Company to Knauth,
Nachod and Kuhne on the twenty-eighth day of May, 1913, and
Knauth, Nachod and Kuhne paid therefor on the thirteenth day
of June, 1913, to Thomas Howard Company the sum of ,$240."
It further appeared by this deposition that Knauth, Nachod and
Kuhne had entered into an agreement with the Thomas Howard
Company previous to this transaction to advance to the Thomas
Howard Company sixty per cent of such installment notes as should
be presented to them for that purpose, that under this agreement
they had advanced the sum of $49,726 previous to the transfer to
them of the note in suit, that at the time of such transfer there was
unpaid on the entire amount of their advances the sum of $38,894,
that after such transfer, and up to the time of the depositions,
they advanced $8,135, and that at the time 'of the depositions
there was due them from Thomas Howard Company about $2,250.
Thomas Howard Company made to Knauth, Nachod and Kuhne
at the time of the transfer of the note in suit a collateral stock note,
so called, which made no mention of any voting contest.

The deposition of Knust, referred to in the opinion, who was
advance loan clerk in the employ of Knauth, Nachod and Kuhne,
corroborated the testimony of Knauth and contained this language
relative to the indorsement upon the note: "The original promis-
sory note, . . . was indorsed and delivered by Thomas Howard
Company to Knauth, Nachod and Kuhne on the twenty-eighth
day of May, 1913, and Knauth, Nachod and Kuhne paid therefor
the sum of $240 on the fifteenth day of June, 1913."

Other material evidence is described in the opinion.

At the close of the evidence, the defendant requested the judge
to instruct the jury as follows:

"If the scheme was to set up a prize contest over the piano and
the defendant was induced to give his note for $400, said note

would be void as between Thomas J. Fournier and the Thomas Howard Company, yet if any subsequent party took said note by indorsement or assignment under such facts and circumstances as would put a prudent man of business on inquiry as to the inception of said note, such party would be chargeable with full notice of the scheme and would not be entitled to recover against the defendant in this action."

"In passing upon this question you are authorized to take into consideration all the facts and circumstances connected with the case, the fact that the Knauth, Nachod and Kuhne name appears upon the face of the note and further that the note has been apparently detached from the contract entered into between Thomas Howard Co. and Thomas J. Fournier and whether this banking concern would be likely to advance any money on a note secured from the defendant without fully informing itself of the conditions and contract under which the note was secured and the fact that neither Howard nor one of the bankers nor the plaintiff himself comes here to testify."

The requests were refused and the judge instructed the jury in substance that it was for them to decide upon the evidence introduced whether the indorsement of the name of the payee upon the note in suit was genuine. He further instructed them that the prize contest did not constitute a lottery. The defendant excepted to the refusal of the requests for instructions and to the instruction above described.

The jury found for the plaintiff in the sum of $270; and the defendant alleged exceptions.

R. L. c. 214, § 7, is as follows: "Whoever sets up or promotes a lottery for money, or by way of lottery disposes of any property of value, or under the pretext of a sale, gift or delivery of other property or of any right, privilege or thing whatever disposes of or offers or attempts to dispose of any property, with intent to make the disposal thereof dependent upon or connected with chance by lot, dice, numbers, game, hazard or other gambling device, whereby such chance or device is made an additional inducement to the disposal or sale of said property, and whoever aids either by printing or writing, or is in any way concerned, in the setting up, managing or drawing of such lottery, or in such disposal or offer or attempt to dispose of property by such chance or device, shall for

each offence be punished by a fine of not more than two thousand dollars or by imprisonment for not more than one year."

*J. M. Browne*, (*J. T. Maguire* with him,) for the defendant.

*H. C. Dunbar*, for the plaintiff.

DE COURCY, J. The defendant purchased by a conditional bill of sale from Thomas Howard Company (not incorporated) a piano, fourteen dozen assorted pieces of silverware, and some advertising literature, intending thereby to carry on a voting contest in his store, for the purpose of increasing his business. He also signed an instalment promissory note for $400 in payment for the goods. Howard indorsed and delivered the note to Knauth, Nachod and Kuhne, bankers, as security for a loan; and later they assigned it to the plaintiff, to enable him to bring this action thereon to enforce collection. A verdict was rendered for the plaintiff for the balance due, with interest.

The contention of the defendant is that the note was given to promote a lottery. We assume, in his favor, that this question was raised by his first request and by his exception to the judge's instruction to the jury, that this prize contest did not constitute a lottery. Our statute which prohibits the disposing of any property of value by way of lottery, (R. L. c. 214, § 7,) does not attempt to define the word. But, as was said in *Commonwealth* v. *Mackay*, 177 Mass. 345, 346: "Both in the popular and legal sense, the word 'lottery' signifies a scheme for the distribution of prizes by chance." For various definitions formulated by lexicographers and courts see Cent. Dict.; Bouvier's Law Dict.; 17 R. C. L. 1209; 3 Words & Phrases, (2d ser. 191.)

While some of the methods suggested for conducting the piano contest may well be criticized, so far as appears there was no gambling element of lot or chance in the transaction, and no evidence on which the jury would be warranted in finding that essential element. See *Commonwealth* v. *Sullivan*, 146 Mass. 142; *Commonwealth* v. *Sisson*, 178 Mass. 578; *Opinion of the Justices*, 226 Mass. 613, 616. All persons concerned knew in advance that the contestant having the most votes at the end of the contest would be entitled to the piano or other prize. The only way to acquire those votes was by purchasing the merchandise of the defendant, or by procuring them from other contestants.

Further, it does not appear that the bankers knew anything

about the prize contest; and even if the transaction were tainted with illegality, that would not prevent recovery on the note by an innocent holder for value. *Fuller* v. *Hunt,* 182 Mass. 299.

The judge was not bound to adopt the language of the defendant's second request, which was framed in an argumentative form and emphasized facts selected in his interest, *Altavilla* v. *Old Colony Street Railway,* 222 Mass. 322; and it is to be presumed that appropriate instructions were given to the jury.

Assuming that the genuineness of the indorsement of the payee was put in issue by the defendant's answer (see R. L. c. 173, § 86; *Whiddon* v. *Sprague,* 203 Mass. 526), there was ample evidence to establish it in the depositions of Knauth and of Knust.

*Exceptions overruled.*