[Nos. 15398, 15399, 15400. Department One. February 27, 1920.]

THE STATE OF WASHINGTON, *Appellant,* v. NORTHERN PACIFIC RAILWAY COMPANY *et al., Defendants,* and J. F. BAISCH, *Claimant and Respondent.*[1]

INTOXICATING LIQUORS (26, 30)—DRUGGISTS—ILLEGAL POSSESSION. Rem. Code, § 6262-7, as amended by Laws 1917, p. 48, providing that any druggist who has been convicted of unlawfully selling alcohol shall not within two years thereafter sell any alcohol for any purpose, did not prevent a convicted druggist from selling, in December, 1918, his drug store and business as a whole, including liquor stock on hand.

Appeal from judgments of the superior court for Grays Harbor county, Abel, J., entered December 13, 1918, upon findings in favor of claimant to intoxicating liquors, seized under search warrants, after a trial on the merits to the court. Affirmed.

*J. E. Stewart,* for appellant.

*T. H. McKay* and *A. Emerson Cross,* for respondent.

PARKER, J.—These cases, while not formally consolidated for the purpose of trial in the superior court, were tried therein at the same time. They involve the claims of J. F. Baisch to three separate lots of intoxicating liquor, seized by the sheriff of Grays Harbor county under search warrants issued in each case by a justice of the peace of that county. One of the seiz-

[1]Reported in 188 Pac. 3.

ures was from the possession of Charles Baisch, who, at the time of the seizure, as is claimed, was in possession of the liquor as the agent of J. F. Baisch, at the drug store owned by J. F. Baisch, in the town of Mc-Cleary, in Grays Harbor county. The other two seizures were from the possession of the Northern Pacific Railway Company, which company, at the times of the seizures, as is claimed, was in possession of the liquor as the transportation agent of J. F. Baisch, at its station at the town of Elma, in that county.

Upon the return into the justice court of the search warrants by the sheriff, showing the seizures, J. F. Baisch filed in each case his claim of ownership and lawful right to the possession of the liquor under Rem. Code, § 6262-12. Trials were thereafter had in the justice court upon the merits of the claims of J. F. Baisch, resulting in a judgment in each case "that the said claim of J. F. Baisch be denied, and the liquor forfeited and destroyed." J. F. Baisch thereupon appealed from the judgment of the justice court in each case to the superior court for Grays Harbor county. Thereafter trial was had in that court, resulting in findings and judgment reversing each of the judgments rendered in the justice court, and awarding the liquor to J. F. Baisch as the owner lawfully entitled to the possession thereof. From this disposition of the cases in the superior court, the state, by the prosecuting attorney of Grays Harbor county, has appealed in each case to this court, wherein they were presented together, it being conceded that the controlling facts are the same in each case.

During all the times in question, Charles Baisch was a duly licensed pharmacist under the laws of this state; and prior to October 18, 1917, he was the owner of, and conducted, a drug store at McCleary. On that day he sold his drug store and business, including all goods

which were then in course of shipment to him, which he had purchased from wholesale concerns, to J. F. Baisch. The sale was for a fair consideration in money, paid and to be paid to him by J. F. Baisch, who, at the time, employed Charles Baisch temporarily to continue the management of the business as his, J. F. Baisch's, agent. A bill of sale was at that time duly executed and delivered evidencing the sale.

At all times in question, J. F. Baisch was a regularly licensed pharmacist under the laws of the state of Nebraska, having come to this state and been granted a permit by the board of pharmacy of this state to engage in the occupation of a pharmacist therein. This permit was evidently granted under Rem. Code, § 8448, relating to the granting of such permits to licensed pharmacists of other states coming to this state to engage in that occupation. At the time of purchasing the store and business from Charles Baisch, J. F. Baisch was employed as a pharmacist at Hoquiam under a contract which rendered it impossible, without breaching the same, to take entire personal charge of his store and business at McCleary until some four months after he purchased it. He did, however, visit his store at McCleary on an average of once a week during the entire period, when he directed the management of the store to as great extent as such visits permitted, and at all times had a duly licensed pharmacist in charge there, Charles Baisch being the pharmacist so in charge during most of that period. Thereafter J. F. Baisch personally took charge of the store and business.

Before the sale of the store and business by Charles Baisch, he lawfully acquired all of the liquor here in question under permits duly issued to him by the auditor of Grays Harbor county without any intent to dispose of any of it in violation of the laws of the state;

and at the time of his sale of the store and business
to J. F. Baisch, he was holding the liquor as a part of
his stock in trade without any such intent. On Octo-
ber 15, which it will be noticed was three days before
the sale of the store by Charles Baisch, the prosecuting
attorney of Grays Harbor county filed in the superior
court of that county an information charging him with
the offense of having unlawfully made a sale of intoxi-
cating liquor on October 12, 1917. He pleaded guilty
to this charge, though there is no record of his plea
of guilty other than the recital thereof in the judgment
of conviction rendered thereon upon the 20th day of
October, 1917, which does not show when his plea was
made. It does appear from oral evidence that he
orally announced his plea of guilty before the sale of
his store to J. F. Baisch. J. F. Baisch knew, when he
purchased the store, that Charles Baisch had pleaded
guilty to the making of the unlawful sale of liquor.
There is no evidence in the record that Charles Baisch
ever made, or was convicted of making, any other un-
lawful sale of intoxicating liquor. The seizures of the
liquor here involved were made after the sale of the
store and business by Charles Baisch to J. F. Baisch.

We have summarized these facts from the findings
made by the superior court, and are satisfied that they
are well sustained by the evidence. The trial court con-
cluded therefrom that the liquor at the time of the sev-
eral seizures was not contraband; that J. F. Baisch
was then the owner and entitled to the possession
thereof.

Contention is made in behalf of the state, rested
upon the assumption that Charles Baisch had pleaded
guilty to the charge of unlawfully making sale of in-
toxicating liquor prior to the sale of his store and busi-
ness to J. F. Baisch, and that, therefore, he could not

thereafter lawfully dispose of any of the liquor constituting part of his stock of drugs to J. F. Baisch. Let us assume for argument's sake that his conviction by a plea of guilty did in law occur before so making sale of his store and business, including the liquor, to J. F. Baisch. The argument seems to be rested upon Rem. Code, § 6262-7, as amended by Laws of 1917, ch. 19, at pages 48, 49, containing, among the provisions, the following:

"It shall be unlawful for any druggist or pharmacist who has been or shall be convicted of any violation of the provisions of this act, to within two years thereafter, sell alcohol for any purpose whatsoever, and upon a second conviction of any such violation such druggist or pharmacist shall, in addition to the penalty provided by this act for such violation, forfeit his right to sell drugs or practice pharmacy  .  .  ."

It is true this provision does make it unlawful for a pharmacist to sell "alcohol," which we will assume for present purposes means intoxicating liquor, within two years after such conviction as was had against Charles Baisch. We think, however, this provision does not mean that a pharmacist owner of a drug store is prevented from lawfully selling his store and business as a whole to a successor, following such a conviction. In *Ketler v. Murrey*, 89 Wash. 579, 154 Pac. 1084, L. R. A. 1916D 1009, we held that, §§ 2962 and 6268, Rem. & Bal. Code, being a part of our former intoxicating liquor license law, making it unlawful to sell intoxicating liquor without first obtaining a license, had no application to a sale made by a proprietor of a hotel and saloon of his entire business to a successor. A reference to those sections, we think, will render it plain that they in terms constituted as far-reaching prohibition against the sale of intoxicating liquors without a license as did our prohibition law as it ex-

isted at the time of the sale of this drug store and business. We think it follows that, however much a registered pharmacist, the owner of a drug store, may become incapacitated from lawfully selling intoxicating liquor within two years after his conviction of an unlawful sale thereof, he is not precluded from making a lawful sale of his entire stock and business to a successor. This, in any event, is all that Charles Baisch did, and we think by such sale he conveyed good title to his business, including the liquor in stock, to J. F. Baisch, even though his conviction of unlawful sale of liquor legally occurred before such sale of his business.

These cases, in the last analysis, as we view them, involve only questions of fact as to the ownership of the liquor at the time of its seizure, as to whether or not it was then being held by the owner with intent to violate, by unlawful disposition thereof, the laws of this state, as to whether or not Charles Baisch lawfully acquired the liquor, and as to whether or not he held it with intent to violate the laws of this state before selling it with his store to J. F. Baisch. A careful reading of all of the evidence convinces us that the trial judge rightly determined the cases in favor of the claimant, J. F. Baisch.

We conclude that the judgment rendered by the trial court in each of these cases must be affirmed. It is so ordered.

We, of course, are determining the question of the correctness of these judgments by the superior court, as of the time they were rendered, to wit: December 13, 1918. Just what the rights of J. F. Baisch in the liquor here in question may be at this time, assuming that it has remained in the possession of the sheriff of Grays Harbor county since its seizure, as this record seems to indicate, we do not decide. It may be that

recent state and Federal legislation has impaired his rights in that respect, but that question is not before us.

HOLCOMB, C. J., MAIN, MACKINTOSH, and MITCHELL, JJ., concur.