CATHERINE·NEAFSEY *vs.* LEWONAS SZEMETA.

Plymouth.   January 14, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Negligence*, Motor vehicle, In use of highway.  *Practice, Civil*, Conduct of trial: requests for instructions, Exceptions.

At the trial of an action for personal injuries received when the plaintiff, a woman, was crossing a highway in a city and was run into by a motor car operated by the defendant, the evidence offered by the plaintiff tended to show that, when the plaintiff started to cross the highway, she saw the motor car about two hundred and eighty feet away, that she did not see it again until she was half way across the street and it was "right on her," that it then was going thirty miles an hour and that its speed had been increased as it approached her. The evidence offered by the defendant tended to show that due warning had been given to the plaintiff, and that she "stood still for a moment in the middle of the street and then started at a rapid walk or run to cross the street in front" of the car.  The defendant asked for a ruling, "If the jury find that the plaintiff saw the defendant's car coming, heard his horn, and stood still in the middle of the street for an instant, long enough to see the approaching car, and then started to run across the street in front of the defendant's car, then the plaintiff was not in the exercise of due care and the jury must find for the defendant." The ruling was refused and the defendant excepted.  The charge was full and comprehensive.  *Held*, that the ruling properly was refused, both because it disregarded the effect of fright upon the plaintiff and the necessity of instant action in imminent peril; and also because it singled out and emphasized a part only of the controverted evidence and asked for a ruling as to its effect.

TORT for personal injuries received when the plaintiff, while crossing North Main Street in Brockton, was run into by a motor car alleged to have been driven negligently by the defendant. Writ dated August 6, 1918.

In the Superior Court the action was tried before *McLaughlin,* J.   The material evidence, and a ruling asked for by the defendant and refused by the judge, are described in the opinion.   The jury found for the plaintiff in the sum of $750; and the defendant alleged exceptions.

*C. G. Willard,* for the defendant.

*H. C. Thorndike,* for the plaintiff.

JENNEY, J.   The plaintiff, while crossing North Main Street in Brockton, was injured by an automobile operated by the defend-

ant. The accident happened in the forenoon and there was evidence that it was then raining. The street at or near the place of the accident was free from other vehicles. The plaintiff testified that she saw the automobile just before she stepped from the sidewalk, when it was about two hundred and eighty feet north of the place where it hit her and that she did not see it again until it was "right on her." When she was about halfway across the street, she was hit by the automobile, which was going so fast that it seemed as if it were "flying," and that all she had a chance to do was to "put . . . [her] hand out." The conflicting evidence as to speed varied from eight to thirty miles an hour. There was also evidence that, as the automobile approached the plaintiff, it accelerated its speed so that it was going "quite a little bit faster" than it had been.

On the defendant's evidence, the jury would have been justified in finding that the defendant gave due warning of his approach and that the plaintiff "stood still for a moment in the middle of the street" at the time her attention was called to the automobile and that she "then started at a rapid walk or run to cross the street in front" of it.

The case was submitted to the jury, who found for the plaintiff, without objection or exception except to the refusal of the judge to instruct the jury as follows: "If the jury find that the plaintiff saw the defendant's car coming, heard his horn, and stood still in the middle of the street for an instant, long enough to see the approaching car, and then started to run across the street in front of the defendant's car, then the plaintiff was not in the exercise of due care and the jury must find for the defendant."

The exception must be overruled. The request disregarded the effect of fright or the "necessity of instant action in imminent peril" and therefore could not be given. *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467, 469. *Green* v. *Haverhill & Amesbury Street Railway,* 193 Mass. 428. *Massie* v. *Barker,* 224 Mass. 420. Moreover, no exceptions were taken to the full and comprehensive instructions actually given relative to the subject matter of this request, which could not properly have been given because it singled out and emphasized a part of the controverted evidence and asked for a ruling as to its effect. *Grier*

v. *Guarino,* 214 Mass. 411.   *Barker* v. *United States Fidelity &
Guaranty Co.* 228 Mass. 421.   *Whitman* v. *Fournier,* 233 Mass.
154.

*Exceptions overruled.*