[No. 19747.   Department Two.   March 25, 1926.]

## J. F. BAISCH, *Appellant,* v. ELMER L. GIBSON *et al., Respondents.*[1]

[1] LIMITATION OF ACTIONS (40, 60-1)—COMPUTATION OF PERIOD—AC-
CRUAL—TORTS—PENDENCY OF APPEAL.   A right of action to re-
cover, under Rem. Comp. Stat., § 7317, liquors unlawfully seized,
or their value, accrues, at least, upon securing an adjudication
thereunder of plaintiff's rights; and an appeal from such
adjudication, without any supersedeas of the judgment, does
not suspend the statute.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered January 30, 1925, dismissing an action of trover and conversion, upon sustaining a demurrer to the complaint. Affirmed.

*Lewis Williams,* for appellant.

*Theodore B. Bruener, E. S. Avey,* and *Grinstead, Laube & Laughlin,* for respondents.

TOLMAN, C. J.—This is an appeal by the plaintiff in the action from a judgment of dismissal, entered after the sustaining of a demurrer to his amended complaint. The amended complaint, after the usual allegations as to the marital status of the principal defendants, sets forth that the defendant Jeff Bartell became sheriff of Grays Harbor county January 8, 1917, and, through re-election and requalification, continued in office until

[1]Reported in 244 Pac. 259.

January 10, 1921; that the defendant Elmer L. Gibson was a deputy under sheriff Bartell and, himself succeeding Bartell, became sheriff on January 10, 1921, and ever since has been and still is such sheriff. The corporate defendants are the sureties upon the several official bonds of the sheriffs referred to. The amended complaint further alleges that the plaintiff was, at all times therein referred to, a duly registered and licensed druggist and pharmacist under the laws of this state; that about October 18, 1917, he was the lawful owner of certain whisky acquired for medicinal purposes, which he has at no time since disposed of; and that at about that time Bartell, as sheriff, and Gibson, as his deputy, in performing the duties of sheriff of the county, unlawfully took, seized and carried away 79½ cases of such whisky, under search warrants, as the property of another person. The amended complaint then proceeds:

## "XII.

"That on or about the 13th day of December, 1918, the judge of the superior court of the state of Washington for Grays Harbor county, in three separate causes, numbered 14,707, 14,708 and 14,709 in said court, regarding and pertaining to 19½ cases, 50 cases and 10 cases of said liquor respectively, made and entered a decree in each cause wherein said plaintiff herein was found and declared to be the actual and rightful owner of all the cases of whisky mentioned herein, as seized and carried away, amounting to 79½ cases in all; that said whisky was not contraband and that said plaintiff was entitled to the absolute and lawful possession thereof, and in said decrees ordered and directed the sheriff of said county to return said cases of whisky forthwith to the plaintiff herein; that thereafter an appeal was taken from said decrees and judgments to the supreme court of the state of Washington; that as a result of said appeal the said supreme court on February 27, 1920, made and entered its de-

cision, affirming the findings, decrees and judgments of the said superior court.

## "XIII.

"That at no time or at all since the said defendant, Jeff Bartell, or defendant, Elmer L. Gibson, seized and carried away the said property of the plaintiff has the said property or any part thereof, or payment for same been delivered to, or offered to or tendered to said plaintiff by any of the defendants herein or their agents, though the plaintiff herein duly and regularly made claim, as owner of said property, for the return of said property immediately and within the time and manner provided by law after said property was seized and carried away by the said defendant, Jeff Bartell, as herein alleged, and no part or portion of said property has been delivered to or offered to plaintiff by any of the defendants herein at any time, but at all times herein mentioned said plaintiff has been denied the possession of said property, and the said defendant, Jeff Bartell, and his successor in office, the defendant, Elmer L. Gibson, as sheriff of said county, have converted said property to their own use and to the use and benefit of their respective marital communities composed of the said Jeff Bartell and Jane Doe Bartell, husband and wife, and Elmer L. Gibson and Jane Doe Gibson, husband and wife, and to the damage of the plaintiff herein in the sum of seven thousand six hundred thirty two and no/100 dollars ($7,632), with interest thereon at the rate of six per cent (6%) per annum from the date on which said property was seized and carried away as herein alleged."

It is, perhaps, well to call attention to the fact that our present prohibition law, commonly called the "Bone-Dry Law," went into effect December 4, 1918, and that under its provisions druggists had ten days thereafter in which to ship out of the state the intoxicating liquor then in their possession. It is argued that, after the entry of the judgment in the superior

court in the original proceeding, there remained but one day in which the liquor could have been lawfully possessed or disposed of, and that thereafter it became contraband so that rights of ownership might not be enforced or protected through the courts. These questions are now of no practical value, and no useful purpose would be served by discussing them. We therefore pass to another issue upon which we find the judgment must be affirmed, namely, the statute of limitations.

If appellant is here seeking to recover because of the original unlawful taking in October, 1917, clearly his action has long since been barred; but if, as we take it, he relies upon something arising thereafter, when did his cause of action, if any, arise?

[1] It seems to be contended that appellant's rights were not determined until, upon appeal from the judgment of December 13, 1918, this court affirmed that judgment *(State v. Northern Pacific R. Co.,* 110 Wash. 69, 188 Pac. 3), the decision of this court having been filed February 27, 1920. At any rate, the present action was not begun until three years, lacking a very few days, after the affirmance. On the appeal referred to, there was no attempt made to supersede the judgment of December 13, 1918, and that appeal did not in any wise destroy the plaintiff's rights or suspend his remedies, either those established by the prior judgment or others. A proceeding on appeal to reverse a judgment, where no supersedeas bond is given, is no obstacle to the enforcement of the rights established by the judgment appealed from, and therefore such an appeal will not prevent the running of the statute. *Delay v. Yost,* 59 Kan. 496, 53 Pac. 482. We have recognized the same principle in some of our own cases. *Kaufman v. Klain,* 69 Wash. 113, 124 Pac. 391;

*Spokane & Inland Empire R. Co. v. Spokane County,*
75 Wash. 72, 134 Pac. 688. A cause of action un-
doubtedly arose at the time of the unlawful seizure,
and the owner of the liquor could at once have sought
the recovery of his goods by replevin or their value
in tort for conversion. He chose, however, to proceed
under § 7317, Rem. Comp. Stat., which is a special
proceeding; and we hold that, at least when by that
procedure he secured an adjudication, the statute
began to run against him. While that particular stat-
ute does not furnish the machinery for restoring his
property, yet he was not then, or at any time within
the limitation period, without a remedy.

The judgment appealed from is affirmed.

PARKER, MACKINTOSH, MAIN, and MITCHELL, JJ.,
concur.