## HUFFMAN v. KAHN.

No. 21026.   Feb. 20, 1934.

Withdrawn, Corrected, and Refiled Feb. 21, 1934.

Shirk, Danner & Phelps, for plaintiff in error.

Snyder, Owens & Lybrand, for defendant in error.

BUSBY, J.   The plaintiff in error, defendant in the trial court, C. E. Huffman, engaged in a poker game with one J. L. Jones and others on the evening of December 19, 1927.   The game was played at a residence in Oklahoma City.   At the close of the game he executed and delivered to J. L. Jones his check in the sum of $2,902 to cover his losses.   The check was a negotiable instrument.   On the following morning, Jones, by delivery and indorsement, transferred the check to B. M. Kahn, proprietor of the Broadway Central Hotel, where Jones owed a hotel bill.   He received from Kahn the difference in cash between the amount of the check and the hotel bill. Jones then, according to his statement to Kahn, departed for California.

As soon as the bank opened on December 20, 1927, Huffman stopped payment on the check.

B. M. Kahn, as the owner and holder of the check in due course of business, then brought suit in the district court of Oklahoma county against C. E. Huffman.   During the course of the litigation B. M. Kahn assigned his interest to his wife, Alpha U. Kahn, who was substituted as plaintiff, and who appears in this court as defendant in error.

The cause was tried to the court without the intervention of a jury.   The trial court found as a matter of fact that the check "was given in a gambling transaction, but that the original plaintiff, B. M. Kahn, was an innocent purchaser thereof in due course and for value."   The trial court then concluded as a matter of law that an innocent purchaser for value of a negotiable instrument was entitled to recover thereon even though the same was originally given in payment of a gambling debt.   In accordance with this conclusion, judgment was rendered for the plaintiff.

It is the contention of the defendant that a negotiable instrument given in connection with a gambling transaction is absolutely void, and is therefore unenforceable even in the hands of a holder in due course.

In this jurisdiction playing poker for money is made a misdemeanor by statute, section 1939, C. O. S. 1921 [O. S. 1931, sec. 2191].   However, we have no statute, as some states have, which specifically provides that notes given in connection with gambling transactions are void in the hands of a holder in due course.   In jurisdictions having such statutes it has been generally held that a holder in due course is not protected by the Negotiable Instruments Law. A number of decisions based upon such statutes are cited in defendant's brief.   Such decisions are not controlling in this jurisdiction.

The general rule applicable to this situation is stated in Joyce, Defenses to Commercial Paper, p. 378, par. 296, as follows:

"In the absence of a statutory provision that a bill or note given for a wagering contract shall be void, the defense that it was for such a consideration cannot be sustained against a bona fide holder thereof for value before maturity and without notice."

The same general rule is stated in 3 R. C. L. page 1019, paragraph 227, and in 8 C. J. 769, paragraph 1035.   See, also, Wilson v. National Fowler Bank (Ind.) 95 N. E. 269; City National Bank v. DeBaum (Ark.) 265 S. W. 648; Whitman v. Fournier, 233 Mass. 154, 125 N. E. 303; Kraft v. Hoppee, 152 Minn. 143, 188 N. W. 162; Union Collection Co. v. Buckman (Cal.) 88 Pac. 708;

W. M. Barnett Bank v. Chiatovick, 48 Nev. 319, 232 P. 206.

Commercial paper is designed to pass freely in the course of business between individuals. Jones, the winner in the poker game, could not have enforced collection of the check as against Huffman, the loser and maker; but this personal defense does not follow where the check in due course has been properly negotiated and falls into the hands of an innocent purchaser for value. If Huffman had not desired to pay his poker debt, he should not have issued a negotiable instrument.

We find no legal reason to depart in this jurisdiction from the general rule, nor to create an exception in behalf of this defendant, who lost in a poker game. The penalty of one's folly in engaging in a losing and illegal enterprise at cards cannot, under the present state of law, be visited on an innocent holder in due course of commercial paper. The learned trial judge so held. We affirm his decision.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, and OSBORN, JJ., concur.