Holman et al. *v.* Ringo.

SAMUEL HOLMAN et al. *v.* JOHN M. RINGO.

1. BILLS OF EXCHANGE AND PROMISSORY NOTES: ASSIGNMENT ON ILLEGAL CONSIDERATION VOID.—The assignment or transfer of a negotiable security made upon an illegal consideration is void, and confers no title to the instrument on the assignee; and hence the maker of a note given upon a valid consideration, may defeat a recovery on it by an assignee who won it at a game of cards.
2. SAME.—Where a note or bond is payable to bearer, it is a contract by the maker or obligor to pay it to whomsoever may become the lawful holder, and the maker or obligor cannot in such a case set up as a defence to an action by a *bonâ fide* holder any defence which may exist as against the payee; but this principle does not prevent the maker or obligor from showing in bar of recovery on it, that the contract of assignment was illegal and void.

ERROR to the Circuit Court of Carroll county. Hon. William Cothran, judge.

*J. Z. George,* for plaintiff in error.

*J. S. Johnson,* contra.

SMITH, C. J., delivered the opinion of the court.

This suit was brought on a promissory note made by the plaintiff in error, Samuel Holman, payable to one C. Tool, or bearer, and which was by the latter transferred, by delivery, to the defendant in error.

On the trial, in the Circuit Court, the defendant offered a witness to prove that the plaintiff had won the note, sued on, from said Tool, at a game of cards played within the State of Mississippi; and had, by that means, acquired the possession and title of the same. Upon objection, the testimony of this witness was excluded, and exceptions taken.

The propriety of this action of the court constitutes the only question presented for consideration.

It is settled, in this court, that when a note or bond is made payable to bearer, the legal title thereto will pass by mere delivery; that, by the terms of the instrument, it is payable to whomsoever may become, lawfully, the holder of it; and that the *bona fide* holder of such an instrument is not affected by the equities existing between the maker or obligor, and the person to whom it was originally delivered. *Craig* v. *The City of Vicksburg,* 31 Miss. R. 216. But this principle, it is manifest, is not applicable to the case before us. The object, here, was not to inquire into or to impeach the consideration of the note, as between Tool, the payee, and the maker. The purpose was to inquire into the consideration upon which the transfer was made; and to contest the title of the plaintiff to put the instrument in use, not for the reason that no consideration, or that an illegal consideration passed between the maker and the payee, or holder; but on the ground that the consideration, as between plaintiff and the payee was illegal and void.

That this was competent to be done, was expressly held in *Adams* v. *Rowan et al.* 6 S. & M. 624. In that case it was decided that, if a note given for valid consideration and secured by mortgage, be indorsed, and the mortgage assigned upon an illegal consideration, such indorsement and assignment are void, and pass no title

to the indorsee or assignee ; and, of consequence, that he could not recover on the note or maintain a bill to foreclose the mortgage. The principle there recognized is the settled doctrine of this court. *Coulter et al.* v. *Robertson,* 14 S. & M. 18.

There can be no doubt that the indorsement, assignment, or transfer of any money security, made in payment of a wager lost on a game at cards, is made void by the statute in regard to gaming. Rev. Code, 361, Art. 1. The indorser, assignee, or transferee, in such case, acquires no title to the instrument, and is hence not entitled to maintain an action upon it.

It follows that the testimony offered by the defendant in the court below should have been admitted.

Judgment reversed, and cause remanded for a new trial.