JOSEPH HALLER *vs.* WORKINGMEN'S CO-OPERATIVE BANK.

Suffolk.    January 11, 1928. — March 2, 1928.

Present: BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Bills and Notes,* Holder in due course.    *Gambling.*

One who, as part of the stakes risked in a game of cards in which he was a participant, received from the payee a check drawn by a coöperative bank upon a national bank and indorsed in blank by the payee, who also participated in the game, cannot maintain an action upon the check against the drawer.

CONTRACT upon a check, described in the opinion, for $425.50 upon The National Shawmut Bank of Boston. Writ in the Municipal Court of the City of Boston dated April 20, 1926.

On removal to the Superior Court, the action was referred to an auditor, his findings of fact "to be conclusive." The action afterwards was heard by *Bishop,* J., without a jury. The plaintiff introduced the check and rested. The defendant introduced the auditor's report. Material facts found by the auditor are stated in the opinion. The judge found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*E. E. Ginsburg,* for the plaintiff.

*F. H. Harding, Jr.,* for the defendant.

BRALEY, J.    This is an action of contract to recover the amount of a check drawn by the defendant to the order of John H. Deane and indorsed by him in blank. The plaintiff at the trial to the court sitting without a jury offered the check in evidence and rested. The case had been referred

to an auditor whose findings of fact were to be conclusive. It appears from his report, after certain inferences made by the auditor which were really findings of fact within his province had been struck out on the plaintiff's motion, that on February 17, 1926, Deane with the check in his possession left his home in this Commonwealth to go by train to Florida. While the train was passing through Florida, Deane was solicited by the plaintiff to join in a game of whist in the next car, where he met two other men, one of whom said, that he did not know how to play whist or the game of pitch which was then suggested. It was finally agreed by the party to play the game of stud poker. The playing began with a limit on the betting of fifty cents or a dollar. The amount however was increased as the game went on and Deane becoming short of cash took out the check and sought to use it. At the suggestion of one of his companions he indorsed the check and placed it on the table, "bidding" against it until the entire amount had been exhausted. It was admitted by Deane that the check was "bid" against his chances and there was no balance coming to him, and when he lost his money, the party separated, and Deane returned to his car. He made known his loss to a member of the bar who was on the train and at his suggestion payment on the check was stopped by a telegram to the defendant with a statement that the check was "lost." A brakeman was informed of the transaction, and the three men when the "train slowed up" at a small town which was not a regular station jumped off. A flagman shouted to them but they started running away along the railroad track.

It is found by the auditor, that the laws of the State of Florida relating to negotiable instruments in so far as material are the same as our negotiable instruments act, and that gambling is a misdemeanor punishable by fine and imprisonment. We assume, in the absence of any contention to the contrary, that the common law of that State as to gaming does not materially differ from our own. *Callender, McAuslan & Troup Co.* v. *Flint,* 187 Mass. 104. The plaintiff as the winner could not maintain an action against Deane to recover the amount won. *Ball* v. *Gilbert,* 12 Met. 397.

And the defendant, although not a party, may set up the illegality of the transaction. "The well-settled principle of law is, that no one knowingly participating in a transaction intended to accomplish a purpose forbidden by law, can bring an action for any cause directly connected with that illegality." *Foster* v. *Thurston*, 11 Cush. 322, 323. *Merchants' National Bank* v. *Haverhill Iron Works*, 159 Mass. 158. *Corey* v. *Griffin*, 181 Mass. 229. *Merchants National Bank* v. *Marden, Orth & Hastings Co.* 234 Mass. 161, 170.

The introduction of the check undoubtedly made out a *prima facie* case. But the burden of proof was on the plaintiff to show on all the evidence that he was a holder in good faith, and for value. *Beacon Trust Co.* v. *Barry*, 260 Mass. 449. The facts found by the auditor warranted the finding of the judge for the defendant and we discover no reversible error of law in his failure to give the plaintiff's requests. *Hecht* v. *Boston Wharf Co.* 220 Mass. 397, 404. *Dunham* v. *Holmes*, 225 Mass. 68. *Kemp* v. *Hammond Hotels*, 226 Mass. 409. *Levine* v. *Cohen*, 235 Mass. 446. See *White* v. *Buss*, 3 Cush. 448, 449.

<em>Exceptions overruled.</em>