## BRINLEY v. WILLIAMS.

No. 29623.   April 29, 1941.

Rehearing Denied June 3, 1941.

Application for Leave to File Second Petition for Rehearing Denied July 1, 1941.

*114 P. 2d 463.*

Paul & Paul, of Pauls Valley, for plaintiff in error.

Marion Henderson and R. B. Garvin, both of Pauls Valley, for defendant in error.

RILEY, J.   Vernon Williams, herein referred to as Williams, sued Marie Brinley, herein referred to as defendant, as maker, and Homer B. Edwards, as indorser, of a bank check. Before trial the action was dismissed as to Edwards.

The check was for $166.45, and was executed and delivered to Edwards in connection with the purchase from him of a tract of land.

Edwards went to a hotel in Pauls Valley, where he engaged in a poker game with Williams and other persons. During the course of the game Edwards indorsed and delivered the check to Williams and thereby received money to continue in the poker game. Edwards continued in the game until he lost nearly all the proceeds of the check.

The next morning Edwards informed his wife what had occurred. Mrs. Edwards then met defendant, Marie Brinley, at the bank and requested defendant to stop payment on the check. Defendant did so and there paid Mrs. Edwards the amount of the check.

Thereafter, Williams demanded payment of the check from defendant; payment was refused and Williams brought this action. He contended that he was a holder in due course for value. Defendant denied this.

Upon trial to the court without a jury, judgment was entered for Williams, and defendant appeals.

There is no conflict in the evidence as to how Williams obtained the check. He testified in substance that he obtained the check in the manner and under the circumstances above set out.

The question here involved is whether Williams became the holder of the check in due course.

A holder in due course of a negotiable instrument is defined by section 11351, O. S. 1931, 48 Okla. Stat. Ann. § 122. One of the essential requisites is, "That he took it in good faith and for value." The general rule is that where gaming is illegal, negotiable paper given for a gaming consideration is void as between the original parties and in the hands of a purchaser with notice. 27 C. J. 1070.

The check here involved was not given in the first instance in connection with any gambling transaction, and the above rule is not decisive.

The rule as to indorsement and transfer of negotiable instruments under such circumstances is:

"An indorsement and delivery of negotiable paper to pay a gambling debt does not make the indorsee a holder in due course, and no title passes between the immediate parties." 27 C. J. 1073.

The rule is further stated in 24 Am. Jur. 453-4, as follows:

"According to the weight of authority, the transfer by the holder of a bill, note, draft, or certificate of deposit issued by an innocent person to a third person to secure money for gambling or to pay a gambling debt is as invalid as the giving of the loser's own obligation. Also, according to the majority view, this defense is available to the maker or other party prior to the transfer, although according to some courts a transfer of commercial paper, originally valid, in payment of a gambling debt, is no defense to a suit by the indorsee against the maker."

One case, Poorman v. D. O. Mills & Co., 39 Cal. 345, 2 Am. Rep. 451, is cited as holding to the contrary.

The basis of this rule is that the law will not lend its aid to a transaction in violation of law, and particularly to a participant.

In Haller v. Workingmen's Co-op. Bank, 263 Mass. 37, 160 N. E. 324, 56 A. L. R. 1320, it is said:

"The well-settled principle of law is, that no one knowingly participating in a transaction intended to accomplish a purpose forbidden by law can bring an action for any cause directly connected with that illegality."

But see Huffman v. Kahn, 167 Okla. 389, 29 P. 2d 767, as to a bona fide holder in due course without notice.

It follows that the judgment, under the uncontradicted evidence and admissions of plaintiff, is contrary to law, and is reversed and the cause is remanded, with direction to enter judgment for defendant.

WELCH, C. J., CORN, V. C. J., and BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, J., not participating. ARNOLD, J., dissenting as to syllabus paragraphs 2 and 3.