**MASHEK v. LEONARD et al.**

No. 14671.

Court of Civil Appeals of Texas.
Fort Worth.

March 9, 1945.

Rehearing Denied April 6, 1945.

George E. Kacir, of West, for appellant.

Thompson, Walker, Smith & Shannon, of Fort Worth, for J. M. Leonard, appellee.

Haddaway & Denny, of Fort Worth, for Sam Grimes, appellee.

McDONALD, Chief Justice.

From the written stipulation of facts on which the case was tried, it appears that Leonard Brothers, a partnership, owed Sam Grimes the sum of $409.80, and in payment thereof issued to him their valid check drawn on the Fort Worth National Bank. Grimes thereafter engaged in a card game with the appellant Ed Mashek. Grimes lost, and endorsed the check in blank and delivered it to Mashek. Mashek deposited the check in his bank for collection, but before it could reach the drawee bank payment was stopped by Leonard Brothers. The check was returned to Mashek, who was still in possession of it at the time of trial.

Mashek sued Leonard Brothers on the check. The latter answered, interpleading Grimes, and paid the amount of the check into the registry of the court. Leonard Brothers alleged that they had issued the check; that shortly after its execution they were advised by Grimes that his endorsement on the check was illegal and invalid, and that Grimes asserted that he was still the owner of the check and entitled to the proceeds thereof; that Mashek asserted that he was the owner of the check; that it was because of these conflicting claims that Leonard Brothers stopped payment; that Leonard Brothers were liable to one of the claimants, but were in doubt as to which was entitled to the money; that Leonard Brothers were impartial in the matter, and had not become independently liable to either of the claimants; and that Leonard Brothers were entitled to an attorney's fee in the premises.

Grimes filed an answer and cross action, alleging that the check was endorsed and delivered to Mashek in settlement of a gambling transaction.

The trial court, without a jury, rendered judgment in favor of Grimes, allowing

Leonard Brothers an attorney's fee of $35. Mashek appeals.

Mashek contends that the endorsement and delivery of the check to him was a completed transaction at the time he filed suit; that he required no aid of the court to establish his title to the check; and that Grimes was not entitled to recover because it was Grimes who had to resort to proof of the gambling transaction in order to make out his case. Mashek argues that he was able to make out his case for recovery on the check without having to prove the illegal gambling transaction, and that Grimes was seeking to recover his gambling losses in this suit.

Mashek especially relies on two Texas cases, Beer v. Landman, 88 Tex. 450, 31 S.W. 805; and Reynolds v. Gregg, Tex.Civ.App., 258 S.W. 1088. In both of those cases the owner of vendor's lien notes endorsed them to another in settlement of gambling debts. In both cases it was held that the transferee of the notes could recover on the notes, on the theory that the endorsement of the notes was an executed transaction, and that no aid was required from the court in order to vest title to the notes in the transferee. Hence, the transferee could make out his case on the notes without having to prove the illegality involved in the transfer of the notes. In each of those cases the former owner of the notes was a party to the litigation.

After much consideration, we have come to the conclusion that the two cases above cited are distinguishable from the one before us.

■ In the above cases the vendor's lien notes were treated as property, the title to which had passed before litigation was instituted on the notes. The winning gambler having theretofore acquired title to the property in question, he was entitled to maintain suit to enforce such rights as were incident to the title. For a somewhat similar holding see Hall v. Edwards, Tex.Com.App., 222 S.W. 167, involving a claim of illegality in the acquisition of title to real estate. We believe, however, that the nature of a check is such as to remove it from the operation of the rules just mentioned. "An ordinary check is simply a written order of a depositor to his bank to make a certain payment, and is executory in its nature." State v. Tyler County State Bank, Tex.Com.App., 277 S.

W. 625, 627, 42 A.L.R. 1347; Id., Tex. Com.App., 282 S.W. 211, 45 A.L.R. 1483. As a general rule, the drawer of a check can revoke it, or stop payment on it, at any time before certification, acceptance, or payment of it by the bank, unless it has passed into the hands of bona fide holder for value. 6 Tex.Jur. 277; 9 C.J.S., Banks and Banking, § 344, p. 692; Lipshitz v. Lindsay Nat. Bank, Tex.Civ.App., 33 S. W.2d 874, writ of error refused. The maker of a note has no such right. Ordinarily the delivery of a check by the maker to the payee does not discharge the original debt represented by the amount of the check. It is held by all the authorities that one to whom a negotiable instrument is transferred in settlement of a gambling debt is not a holder in due course as that term is technically known. 38 C.J.S., Gaming, § 22, p. 95. In the case before us the drawer of the check stopped payment. To make out a case against the drawer, the holder had to show that he was a holder in due course. His possession of the check containing the endorsement in blank of the payee would ordinarily raise a prima facie presumption that he was a holder for value, but that presumption was destroyed in this case by the stipulation which was to the contrary.

■ Mashek has no standing as the holder in due course of a negotiable instrument, because in the eyes of the law he paid no value for it. It cannot be said that he can recover as the assignee of the original debt from Leonard Brothers to Grimes, for which the check was given. The position of Leonard Brothers became something like that of a stakeholder. Had the two gamblers, Grimes and Mashek, deposited the money with Leonard Brothers as a stakeholder, Grimes could have recovered it at any time before it was paid over to Mashek. 24 Am.Jur. 460; 20 Tex.Jur. 684.

To allow a recovery to Mashek in the case before us would be to go against the current of authority. The following are some of the cases in which a recovery has been denied on checks assigned in gambling transactions: Brinley v. Williams, 189 Okl. 183, 114 P.2d 463; Haller v. Workingmen's Co-op. Bank, 263 Mass. 37, 160 N. E. 324, 56 A.L.R. 1320, and cases cited in annotation in 56 A.L.R. 1322; Nielsen v. Planters Trust & Savings Bank, 183 La. 645, 164 So. 613; Drinkall v. Movius State Bank, 11 N.D. 10, 88 N.W. 724, 57 L.R.

A. 341, 95 Am.St.Rep. 693. See also cases cited in 27 C.J. 1073; 38 C.J.S., Gaming, § 22, p. 96; 24 Am.Jur. 453; and Brannan's Negotiable Instruments Law, Sixth Ed., page 611.

The judgment of the trial court is affirmed.