**H. J. GARDNER, Appellant,**

v.

**Dollie Fae Stallings MARTIN et al., Appellees.**

**No. 7219.**

Court of Civil Appeals of Texas.

Texarkana.

May 10, 1960.

Rehearing Denied June 7, 1960.

Kenneth R. King, John E. Heitler, Tyler, for appellant.

Goodwin & Cavin, Ben Goodwin, Eugene Cavin, Tyler, for appellees.

CHADICK, Chief Justice.

The trial court sustained a motion for summary judgment filed by the defendants, and the plaintiff has appealed. The judgment is affirmed.

No statement of facts has been filed. Good cause excusing delay has not been shown or suggested. Nor has permission for late filing been requested under provisions of Rule 386, Vernon's Ann.Texas Rules. The transcript contains an application to the trial judge for an extension of time for filing the statement of facts and an order granting an extension. This application and order implies that some proceedings of a nature properly recordable in the statement of facts occurred in the summary hearing. In the absence of the statement of facts evidentiary matter contained in depositions, affidavits not attached to pleadings, admissions and statements made by the parties or counsel, or evidence from other sources admitted at the hearing is not before this court.

To reverse the judgment under attack appellant Gardner is required to present a record which affirmatively shows that reversible error was committed in the trial court. Uvalde Const. Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22, Op. adopt.; Nance v. McClellan, 126 Tex. 580, 89 S.W.2d 774, 106 A.L.R. 117, Op. adopt. Appeal and Error 3A Tex.Jur. p. 486, Sec. 391. Review of the case is limited to the record presented. Gowan v. Reimers, Tex.Civ. App., 220 S.W.2d 331, err. ref.; Hurley v. Knox, Tex.Civ.App., 244 S.W.2d 557, err. ref.; Appeal and Error, 3A Tex.Jur., p. 487, Sec. 392.

In determining the issues made by factual evidence in the record of a summary judgment hearing the trial court's duty is analogous to its duty on a motion for directed verdict. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; 4 McDonald Tex.Civil Practice 1394 Sec. 1726. The analogy carries over in this respect to a review in the appellate court. The summary judgment is reviewed as a directed judgment would be respecting issues of fact raised by proof. A review of the trial judge's action in sustaining the motion for summary judgment requires this court to consider the record of the case as it existed before the trial judge at the time of judgment. Giving effect to the analogy requires that review not be undertaken. It is well established that a directed verdict cannot be reviewed in the absence of the statement of facts. Appeal and Error 3A Tex.Jur. p. 314, Sec. 478. See also Maxwell v. Maxwell, Tex.Civ.App., 292 S.W.2d 368, 372, a case decided by summary judgment, where it is said:

"* * * in the absence of a statement of facts, every presumption must be applied in favor of the trial court's judgment, and we must assume the evidence before the court warranted his finding that appellee was entitled to judgment as a matter of law on 'the undisputed evidence', and that no genuine issues of material facts existed."

The appellant's only point of error is not well taken and must be overruled.

On submission day the appellant filed a written motion for permission to file without tender thereof, a supplemental transcript containing the judgment and record in another case, styled H. J. Gardner v. Dollie Fae Stallings Martin et al., Cause No. 58–68, 114 Judicial District Court of Smith County, Texas, which was referred to in appellee's motion for summary judgment. For the reasons previously discussed it is thought the supplemental transcript could have no bearing upon the disposition which must be made of the appeal and the motion is overruled.

The judgment of the trial court is affirmed.