SOUTHERN LLOYDS, Appellant,

v.

Tom JONES, Appellee.

No. 10835.

Court of Civil Appeals of Texas.

Austin.

March 29, 1961.

Park Street, Walter Powell Gray, San Antonio, for appellant.

Victor B. Rogers, Austin, for appellee.

GRAY, Justice.

Appellee, Tom Jones, sued appellant, Southern Lloyds, to recover on a policy of fire insurance issued by appellant to appellee and insuring a building in Manor, Texas against loss by fire. Appellee sued for $2,000, the amount of the insurance, and for $5,000 exemplary damages.

On February 6, 1959, appellant issued and delivered its policy of fire insurance to appellee naming him as the insured and as the owner of a composition frame house located on lot 2 of block 48 in the town of Manor, Texas. The total insurance was $2,000 and the occupancy of the house was stated: "Dwelling-Tenant." The period of the insurance was from February 6, 1959 to February 6, 1964.

The insured house was totally destroyed by fire in the early morning of August 9, 1959 and on that day appellee filed his proof of loss reciting:

"(2) Title and Interest: The property described in the said policy on which loss is claimed belonged at the time of the loss to the assured in fee simple, and no other person or persons

had any interest, lien or encumbrance thereon except: No exception."

Thereafter appellant issued and delivered its check to appellee for $2,000 but before the said check was cashed appellant stopped payment on it. This suit followed, appellee alleging:

"That from and since the issuance of the policy hereinbefore described plaintiff, Tom Jones, has been the owner of the insured premises and entitled to the funds covered by said check as partial compensation for the loss sustained by the plaintiff."

Appellee also sued to recover on the check.

Appellant answered admitting issuing the policy of insurance to appellee; alleged that it issued such policy to appellee as the owner of the building, and that upon learning he was not such owner it stopped payment on the check which it admitted was issued and delivered.

At the trial appellee moved for a summary judgment for $2,000 actual damages and appellant moved for summary judgment denying appellee a recovery of actual or exemplary damages. The trial court severed appellee's suit for exemplary damages and granted his motion for $2,000 actual damages.

Appellant says that as a matter of law it and not appellee was entitled to a summary judgment. Its contention is predicated on its assertion that by appellee's deposition it is shown that at all material times appellee was not the owner of the insured property.

■ The order overruling appellant's motion for summary judgment was interlocutory and even if we find that appellee's motion was erroneously granted we cannot enter judgment for appellant. Rogers v. Royalty Pooling Company, 157 Tex. 304, 302 S.W.2d 938.

Appellee says that appellant's points on this appeal should be overruled because they

are based on evidentiary matters not properly brought forward by a statement of facts.

Rule 166–A, Sec. (c), Texas Rules of Civil Procedure, in part, provides:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ On this appeal the same matters are before us by the transcript that were before the trial court. The rule supra states the requisites for entering a judgment in summary judgment proceedings and we find nothing in the rule requiring that a statement of facts is necessary. In fact we can see no need for it. Appellee cites Gardner v. Martin, Tex.Civ.App., 336 S.W. 2d 263. We notice that a writ of error has been granted in that case but as yet the Supreme Court has not decided the cause.

Appellee also says that his cause of action is on the check supra. In Mashek v. Leonard, Tex.Civ.App., 186 S.W.2d 745, 746, Er. dism., the court said:

"We believe, however, that the nature of a check is such as to remove it from the operation of the rules just mentioned. 'An ordinary check is simply a written order of a depositor to his bank to make a certain payment, and is executory in its nature.' State v. Tyler County State Bank, Tex.Com. App., 277 S.W. 625, 627, 42 A.L.R. 1347; Id. Tex.Com.App., 282 S.W. 211, 45 A.L.R. 1483. As a general rule, the drawer of a check can revoke it, or stop payment on it, at any time before certifications, acceptance, or payment of it by the bank, unless it has passed into the hands of * * * bona fide holder for value."

■ If appellant is correct in its allegation that the consideration for the check failed because of appellee's false representations in procuring the policy of insurance and the check then appellee has no right to recover on it because he had no right to recover on the original debt. Mashek v. Leonard, supra.

Appellee's deposition was taken and he testified that he sold the property to Lucille DeWitty and her husband in about 1953; that the purchase price was $1,500 only a part of which was paid; that he had a deed drawn up conveying the property to the DeWittys, in another place he called the instrument a contract; he said he gave the DeWittys money to have the contract recorded but did not know whether it was recorded or not and said Lucille DeWitty told him she did not record it. He said that he had had trouble collecting his money and that all of it had not been paid. He did not say that he had taken the property back but did say that his contract with the DeWittys was for them to live there. In part he said:

"Q. And as far as you were concerned, you had sold the property to Mr. and Mrs. Dewitty back in '53? A. Yes, sir."

On cross-examination he testified:

"Q. Tom, when you say you sold it, you mean you sold it if they paid you for it? A. Sure, that's right. Because I give them five years to pay for it, and it was seven years before it burned down and they haven't paid it yet.

"Q. Before the house burned down, Tom, did you ever tell them to get out of the property, that you wanted the property back? A. Well, I told her that they done lost it, but I would have to go into a lawsuit unless she would get out, to get her out of it. But I said, now, if you will pay me as much as Ten Dollars a month you can stay here.

"Q. When did you tell her that, Tom? A. I told her that the last of January the first in '59, but she had stayed there plumb up to '58. I went up there on the 10th of '59 and told her. Instead of paying me Ten Dollars month she paid me Forty-five Dollars in nine months. I remember that.

"Q. And after that time, Tom, did you tell her that the contract was cancelled any time after that? A. No, sir, that was the last time I said anything to her.

"Q. And you let her stay there up until the time of the fire? A. Well, I couldn't make her move, so I wouldn't go into no lawsuit, so I just went on doing the best I could.

"Q. I see. A. Because I ain't no hand to squabble with nobody. I just go on and let them alone.

"Q. Go on and let them alone and hope they pay you? A. Yes, sir, wish they would pay me."

A reading of the entire deposition suggests confusion on the part of appellee as to what he did or intended to do by the instrument he said he executed. This instrument is not in the record.

The deed records of Travis County show that the lot in question was conveyed to appellee in 1950, that the record title is still in his name and that it so carried on the tax rolls of Travis County.

Appellee alleged that he was the owner in fee simple of the property insured.

The copies of the policy of insurance in the transcript are so dim that it is impossible to read them in their entirety. However it appears that the policy provides:

"This entire policy shall be void if whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance, or the subject thereof, or the interest of the assured therein, or in case of any fraud or false swearing by the insured relating thereto."

"Changes in this policy may be made and Perils added hereon only by written endorsement properly executed by an authorized agent of this Company and attached hereto; but no provision may be waived except such as by the terms of this policy is subject to change."

There are no endorsements on the policy.

Appellee makes no effort in his deposition to explain the inconsistencies in his testimony there given nor with any inconsistency of his testimony with the allegations in his pleading. However he was not testifying at a trial and in fact was not called to so testify.

To support his motion for summary judgment appellee had the burden of establishing that he was entitled to judgment as a matter of law, that there are no genuine issues of fact and all reasonable doubts must be resolved against him. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. Here appellee has failed to show that he was the owner of the insured property which fact prevents a summary judgment in his favor. The statements in appellee's deposition are declarations against his interest and their probative value presents questions for the trier of the facts. McMillan v. Gage, Tex.Civ.App., 165 S.W.2d 754, Er. ref., w. m.; Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569. If at the trial appellee desires to explain such statements he has that right and the probative value of his testimony is for the jury. Leonard v. Smith, Tex.Civ.App., 186 S.W.2d 284. In St. John v. Fitzgerald, Tex.Civ.App., 281 S.W.2d 201, 207, a summary judgment proceeding, statements made in appellee's deposition were considered and the court said:

"Of course, reliance on the alleged false representation of appellee was

an essential of appellant's cause of action. But, the general rule is that testimony of a party by deposition is given only the force of an admission out of court. It may be explained or contradicted on the trial and when an issue of fact is thus presented the credibility and weight of his testimony is to be passed on by the trier of the facts. 169 A.L.R. 798, 805; Foster v. Woodward, Tex.Civ.App., 134 S.W. 2d 417."

The action of the trial court in granting appellee's motion for summary judgment cannot be sustained because the proof is not conclusive that he was the owner of the insured property. Accordingly the judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.