LEO SYNTAX AUTO SALES, INC., *v.* PEOPLE'S BANK & SAVINGS
COMPANY.

[Cite as Syntax Auto Sales, Inc. v. People's Bk. & Savs. Co.,
6 Ohio Misc. 226.]

(No. 37585—Decided October 20, 1965.)*

Court of Common Pleas, Tuscarawas County.

---

*Case dismissed by agreement of parties on March 14, 1966.

*Messrs. Paris & Christianakis,* for plaintiff.
*Messrs. Fitzpatrick & Zimmerman,* for defendant.

LAMNECK, J.   In this action the plaintiff seeks to recover the sum of $1,500 from the defendant, The Peoples Bank & Savings Co., for its dishonor of its cashier's check dated June 26, 1965, payable to David E. Lentz or order.

In its petition, the plaintiff alleges that on June 26, 1965, the said David E. Lentz, negotiated, endorsed and transferred over said check to the plaintiff for a valuable consideration and that the defendant refused to honor said check.

To the plaintiff's petition, the defendant has filed an answer in which it admits that it has refused to honor said check and alleges that said David E. Lentz procured said check from the defendant payable to himself or order; and that on June 28, 1965, said David E. Lentz ordered the defendant not to honor said check which it did.

It further alleges that said check was endorsed by said David E. Lentz to the plaintiff for the purchase of a 1963 Morgan T-4 automobile, Serial No. B583; that said car was delivered to said David E. Lentz on July 26, 1965; that said automobile was not as the plaintiff represented it to be to the said David E. Lentz; that the said David E. Lentz's endorsement was secured by fraud, and without a valuable consideration; and that the plaintiff is not a bona-fide holder for value without notice.

The plaintiff has filed a motion to strike the defendant's alleged defenses from its answer and that is one of the matters now before the court.

Under Section 1303.62, Revised Code, upon dishonor of a negotiable instrument it is provided that "Subject to any necessary notice of dishonor and protest, the holder has upon dishonor an immediate right of recourse against the drawers and indorsers."

It is well settled that the purchaser of a cashier's check payable to one other than the purchaser thereof has no right to countermand payment of the instrument after its issue, except for fraud, failure of consideration, or where payment is stopped by injunctive order.   The defense of fraud or failure of consideration under such a situation can only be made as between the bank and the purchaser of the check.

But do such conclusions obtain where the purchaser of the cashier's check is also the payee?

In 10 American Jurisprudence 2d page 614, Section 643, the following appears:

"A cashier's check, since it is merely a bill of exchange drawn by a bank upon itself and is accepted in advance by the act of its issuance, is not subject to countermand like an ordinary check; the relations of the parties to such an instrument are analogous to those of the parties to a negotiable promissory note payable on demand. Thus, since a cashier's check is presumably purchased for a sufficient consideration, it is ordinarily beyond the power of the purchaser or the bank issuing it to stop payment thereon. Once the cashier's check is negotiated to a holder in due course, the credit and resources of the payee are no longer primarily involved; it is then a primary obligation of the bank and, upon presentment of the check for payment, the bank must honor the check."

In 9 Corpus Juris Secundum on page 381, Section 173, it is stated that "although it has been held that a cashier's check is revocable at any time before the bank has paid it, and the drawing bank has power to stop payment of a bank draft, but that the payee has no right to require the drawing bank to countermand payment, it being entirely within the uncontrolled discretion of the drawing bank whether, in a given case, it will countermand its payment on the request of the payee, the general rule is that there is no right to countermand payment of a bank draft or cashier's check by the drawer, payee, or depositor at whose request the instrument was issued except for fraud, or failure of consideration or where payment is stopped by injunction proceedings."

In *Sterchi Bros. Stores, Inc.,* v. *Walker,* 264 Fed. 2d 269, the court in its opinion made this observation:

"A cashier's check is a bill of exchange drawn by a bank upon itself, accepted in advance by the act of issuance, and is a non-countermandable promise by the bank to pay a primary obligation of the bank. Thus a bank assumes the dual position of drawer and drawee. Once the cashier's check is negotiated to a *holder in due course,* the credit and resources of the payee are no longer primarily involved; and upon presentment for payment, the bank must honor the check."

Under Section 1303.31, Revised Code, a holder in due course is one who takes the instrument for value and in good faith, and under Section 1303.32, Revised Code, a holder takes the instrument for value to the extent the agreed consideration has been performed. An endorsee who has secured the endorsement on a negotiable instrument through fraud or failure of consideration is not a holder in due course.

In *Cross* v. *Bank,* 110 Ohio App. 219, 168 N. E. 2d 910, the court held that the purchaser of a bank money order or a cashier's check, payable to one other than the purchaser thereof, has no right to countermand payment of the instrument after its issue, except for fraud, failure of consideration or where payment is stopped by injunctive order.

It could be implied from the above pronouncement that the purchaser of a cashier's check payable to himself has a right to countermand payment of the instrument after its issue.

In *Nielson* v. *Planters Trust & Savings Bank,* 164 So. 613, 183 La. 645, the plaintiff purchased a cashier's check payable to himself for $1,200. He then endorsed the check to a third person in payment of losses incurred by gambling. The plaintiff then notified the bank to dishonor the check before it was presented for payment. The bank disregarded the plaintiff's request and paid the check to the endorsee.

Under such circumstances, the court held that the bank was bound to honor the purchaser's request to dishonor the check for failure of a valid consideration in securing the endorsement.

A cashier's check is a check drawn by a bank upon itself to the order of the payee named therein. It is a bill of exchange drawn by a bank upon itself and accepted in advance by the act of its issuance. It is a primary obligation of the bank and no right of countermand exists by the purchaser or payee. (See *Polotsky* v. *Bank,* 188 Atl. 63.)

But where the purchaser of a cashier's check is also the payee, while the right of countermand does not exist, the court is of the opinion that a different rule should be applied where the bank declines payment thereon voluntarily on the ground the purchaser's and payee's endorsement was secured by fraud or for failure of consideration.

Under such circumstances we are of the opinion that the same reasoning should apply as in the case of certified checks,

as pronounced in *Sutter* v. *Security Trust Co.,* 126 Atl. 435, 96 N. J. Eq. 644.

In that case it was held that a drawer of a check which has been certified at his request before delivery, may recall the same and require the certifying bank to refuse payment to the payee named therein if such payee is not a bona fide holder for value, but has obtained the check, by fraud perpetrated by him upon the maker.

The court also ruled in such a case that the bank can urge and have the benefit of any defense that the drawer could have against such payee, establishing that such payee obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration.

We are therefore of the opinion that the purchaser of a cashier's check made payable to himself or order, the issuing bank may, but is not compelled to do so, refuse payment thereon to an endorsee, at the request of the purchaser, if such endorsee is not a bona fide holder for value direct from the purchaser or has obtained such endorsement from the purchaser by fraud perpetrated upon him by the endorsee.

We are also of the opinion that upon suit by an endorsee who obtains the endorsement of the purchaser of a cashier's check against the issuing bank to recover the face amount of such check payable to the purchaser thereof or his order, for the bank's dishonor of such a check, the bank is entitled to have the benefit of any defense that the purchaser could have against the endorsee.

The defendant bank in this case also filed a motion requesting that the purchaser of the alleged cashier's check in question be made a party defendant to this action. In view of the court's pronouncement as set forth herein, the court is of the opinion that the said David E. Lentz is not a necessary party to this action.

*Judgment accordingly.*