OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Vernal Johnson, has appealed a decision of the Geauga County Court of Common Pleas granting summary judgment in favor of appellees, Dollar Bank and Glen E. and Nancy K. Nolen. The following facts were found in the materials submitted in the summary judgment exercise.
On April 7, 1988, Margaret Johnson and her brother, appellant herein, opened a twelve-month certificate of deposit ("CD") at the Parma, Ohio, branch office of Dollar Bank, appellee in this case. The Johnsons were joint owners of the CD. Each year, the Johnsons renewed the CD for another year, until 1994. On April 8, 1994, appellant, via a sight draft executed in the name of the Middlefield, Ohio branch of Huntington National Bank, directed Dollar Bank to close the CD in question and forward the funds to his account at Huntington Bank. Dollar Bank honored the sight draft and, on April 15, 1994, issued a cashier's check payable to Huntington National Bank in the amount of $27,539.47, the full amount that was in the CD. When the CD was closed, Dollar Bank deposited the funds into its own account and then wrote the cashier's check from its own funds.
Once Margaret Johnson received notice that a sight draft had been presented and honored, she telephoned Dollar Bank on April 18, 1994, and told them that they were not authorized to complete that transaction because the money belonged to her. As a result of this conversation with Margaret Johnson, Dollar Bank immediately placed a stop payment order on the cashier's check that had been made payable to Huntington Bank. Dollar Bank then had Margaret Johnson sign a statement indicating that appellant was not authorized to transfer money from the joint CD on his own.
On April 21, 1994, appellant, without any notice of the stop payment order, deposited the cashier's check into his savings account at Huntington National Bank. On April 27, 1994, when the cashier's check was presented for payment, Dollar Bank refused to honor it and returned it to Huntington Bank unpaid. Margaret Johnson died on November 11, 1994.
On April 21, 1997, appellant filed a complaint in the Geauga County Court of Common Pleas against Dollar Bank and Huntington National Bank setting forth five claims for relief. The claims against Huntington Bank were subsequently dismissed by appellant. The three remaining claims, directed at Dollar Bank, were for the wrongful stop payment of a cashier's check; final settlement; and common law conversion. On May 14, 1997, Dollar Bank filed a third party complaint against Glen E. and Nancy K. Nolen, which is not involved in this appeal.
On April 28, 1998, appellant filed a motion for summary judgment against Dollar Bank. Additionally, on that same day, the Nolens and Dollar Bank each filed motions for summary judgment. In addition to the briefs of both parties, the trial court was also presented with the deposition testimony of Deborah Hodor who worked at Dollar Bank and was familiar with the situation, and Nancy Nolen, a sister to both Margaret Johnson and Vernal Johnson. Additionally, the parties supplied copies of numerous bank documents and records pertaining to this case. On August 7, 1998, the trial court denied appellant's motion for summary judgment, and granted the summary judgment motions filed by the Nolens and Dollar Bank. We note that the Nolens are not involved in this appeal and that the summary judgment in their favor remains intact.
Appellant timely filed a notice of appeal and has now set forth two assignments of error. In the first assignment of error, appellant contends that the trial court erred in sustaining Dollar Bank's motion for summary judgment. In the second assignment of error, appellant asserts that the trial court erred in overruling his motion for summary judgment. These assignments of error are interrelated and, therefore, will be addressed in a consolidated manner.
Civ.R. 56(C), providing the standard governing motions for summary judgment, states in pertinent part that:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.* * *"
In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that the moving party bears the burden of establishing that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, construing the evidence in favor of the nonmoving party, can come to but one conclusion and that conclusion is adverse to the party opposing the motion. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Morris v.Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47.
The Supreme Court of Ohio in Dresher v. Burt (1996), 75 Ohio St.3d 280, set forth the burden that is placed on each party when a motion for summary judgment is filed. The court held:
 "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis sic.) Id. at 293.
In the present case, it is clear that the critical question is whether appellant had the legal right to unilaterally close the joint CD and deposit all of those funds in his personal account at Huntington Bank. We conclude that there exists a genuine issue of material fact regarding this point and, therefore, neither party was entitled to summary judgment based upon the evidence submitted to the trial court.
To begin with, neither party has met its burden of showing that either one or two signatures were required to close the CD and withdraw the funds. This is a factual issue that remains in dispute. The parties disagree on whether or not the CD had matured at the time appellant presented his sight draft. Both sides seem to agree that only one signature is required during that window of opportunity each year when the CD could be rolled over. Outside of that limited time period, apparently two signatures would be required to close the CD or withdraw funds. However, neither party presented evidence of when that window opened in 1994 or, more importantly, when it closed. Additionally, Dollar Bank repeatedly asserts that appellant did not close the CD until April 15, 1994, which is the date on the cashier's check. However, the sight draft presented by appellant to Dollar Bank is dated April 8, 1994. Those seven days could be critical.
Thus, it is clear that there remains the following questions: (1) was there a window of opportunity in which only one signature was required to close a joint CD? (2) how long was that window? and, (3) did appellant direct Dollar Bank to close the CD during that window of opportunity? Until those questions are resolved, the next step in the analysis cannot be reached; namely, whether Dollar Bank could legally stop payment on its cashier's check and, if it could, whether it should have in this case.
It is apparent that the trial court answered both of these questions in the affirmative. Without addressing the merits of those decisions since we are sending this matter back to the trial court for reexamination, we suggest that the trial court consider the following cases which appear to hold that generally, unless fraud was involved in the procurement of the cashier's check, the bank issuing the cashier's check cannot stop payment on it. LeoSyntax Auto Sales, Inc. v. Peoples Bank Savings Co. (1965),6 Ohio Misc. 226; Thompson v. Lake County National Bank (1975),47 Ohio App.2d 249, 253; Gallaher v. Fryman (June 23, 1986), Warren App. No. CA85-11-089, unreported (1986 WL 7106); and Dayton AreaSchool E.F.C.U. v. Nath (Sept. 4, 1998), Montgomery App. No. 16956, unreported (1998 WL 906397). There are no allegations of fraud in the instant action.
Additionally, the version of R.C. 1304.23 that is applicable to this case provided, in relevant part:
 "(A) Any knowledge, notice, or stop-order received by, legal process served upon or setoff exercised by a payor bank, whether or not effective under other rules of law to terminate, suspend, or modify the bank's right or duty to pay an item or to charge its customer's account for the item, comes too late to so terminate, suspend, or modify such right or duty if the knowledge, notice, stop-order or legal process is received or served and a reasonable time for the bank to act thereon expires or the setoff is exercised after the bank has done any of the following:
"(1) accepted or certified the item;
"(2) paid the item in case;
 "(3) settled for the item without reserving a right to revoke the settlement and without having such right under statute, clearing house rule, or agreement;
 "(4) completed the process of posting the item to the indicated account of the drawer, maker, or other person to be charged therewith or otherwise has evidenced by examination of such indicated account and by action its decision to pay the item; * * *"
In closing, we note that this case raises some questions regarding the fiduciary nature of the relationship between a bank and its customers. Once a bank is put on notice of a dispute between two parties to a joint account concerning the distribution of funds from the account, it surely has the duty to take whatever actions that are legally within its power and are necessary to ensure that both parties' rights and interests are protected. The question in the present case is whether the bank overstepped its bounds in taking the actions outlined herein. That is the issue for the trial court to determine.
Based upon the foregoing analysis, it was error for the trial court to grant summary judgment in favor of Dollar Bank. However, the trial court properly denied appellant's motion for summary judgment. Thus, appellant's first assignment of error is sustained, but his second assignment of error is overruled.
The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
FORD, P.J., CHRISTLEY, J., concur.